[Civ. No. 1635. First Appellate District.—April 12, 1916.]

LOUIS GAMBETTA, JR., a Minor, by Clara A. Clivio, His Guardian ad Litem, Respondent, v. LOUIS GAMBETTA, SR., Appellant.

PARENT AND CHILD—SUPPORT OF ILLEGITIMATE CHILD—CONSTRUCTION OF SECTION 196A, CIVIL CODE.—Section 196a of the Civil Code provides, in the alternative, that an action to compel the father of an illegitimate child to support it may be brought either by the mother or the guardian of the child, and the mother not having chosen to bring the suit herself, it may be brought and maintained by the child through his guardian, either general or *ad litem*.

ID.—AMOUNT OF ALLOWANCE—WHEN THE DETERMINATION OF THE TRIAL COURT CONCLUSIVE.—In an action to compel a father to support an illegitimate child, where the trial court, with the pleadings and facts as to the financial ability of the respective parents before it, ordered the father to contribute twenty-five dollars per month

to the support of the child, the appellate court will not on appeal interfere with the amount of the allowance.

ID.—SUFFICIENCY OF COMPLAINT.—In such a case, where the complaint shows that the parents of the child were not married at the time of his birth, and that they have not since that time been married, the contention that the complaint is insufficient in that for aught that appears in it the defendant and the mother of the child may have been married at the time the child was conceived, and that therefore he is not illegitimate, is not sufficient for a reversal, although the complaint may be ambiguous and uncertain in this respect, where the evidence showed that the defendant is the father of the child and the latter's mother has never been married, and counsel for defendant admitted at the oral argument that "the plaintiff is a bastard."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Marcel E. Cerf, Judge.

The facts are stated in the opinion of the court.

J. A. Gendotti, and C. J. Houston, for Appellant.

Jewel Alexander, for Respondent.

KERRIGAN, J.—This is an action brought by the plaintiff through his guardian *ad litem* to compel his father, the defendant, to support him, he being a minor child. The action is founded on section 196a of the Civil Code, which reads: "The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, and in such action the court shall have power to order and enforce performance thereof, the same as under sections 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife."

In the trial court a demurrer to the complaint was overruled, whereupon the defendant having refused to answer, his default was entered; and after hearing testimony introduced on behalf of the plaintiff the court rendered judgment against the defendant, who now prosecutes this appeal therefrom.

The evidence showed that the plaintiff was born in San Francisco in the year 1913; that he is the illegitimate child of the defendant and a young woman who is employed as a

domestic; that when employed she earns $35 per month; that the child is boarded out and that the sum of twenty dollars per month is required for his board and lodging, which sum does not cover, as we understand the record, other expenses such as for clothing and medical attendance. The .evidence also shows that the defendant is a hotel-keeper, owning property of the value of between three thousand dollars and four thousand dollars and having an income of one hundred and fifty dollars to two hundred dollars per month, and that he has contributed nothing toward the support of his child. Upon the conclusion of the case the court determined that $25 per month should be contributed by the defendant for the support, maintenance, and rearing of the child, and the judgment provided for this payment.

There is no merit in the point that the mother of the child, being alive and sane, should have brought the action in her own name. The section reads in the alternative—''by his mother or guardian''; and the mother not having chosen to bring the suit herself, it might be brought and maintained by the child through his guardian, either general or *ad litem.* (Code Civ. Proc., sec. 372; *Lewis* v. *Lewis,* 22 Cal. App. Dec. 607, [decided by this court, third appellate district, March 16, 1916]; *In re Cahill,* 74 Cal. 52, [15 Pac. 364]; 15 Am. & Eng. Ency. of Law, 6; 21 Cyc. 19; 22 Cyc. 634.)

Equally without merit is the point urged that the court imposed the whole duty of the child's support upon his father, the defendant. With the pleadings and facts as to the financial ability of the respective parents before it, the court made such a decree as under all the circumstances of the case seemed to it meet and proper; and we are not in a position, nor are we disposed, to interfere with the conclusion of the trial court upon that subject.

The appellant makes in all seventeen points for the reversal of the decree, but those discussed by us are the ones that seem to possess the most merit. Chief of these is the contention that the complaint fails to state facts sufficient to constitute a cause of action.

The allegations of the complaint thus assailed show that the parents of the child were not married at the time of his birth and that they have not since that time been married; and defendant argues that for aught that appears in the complaint the defendant and the mother of the child may

have been married at the time the child was conceived, and that therefore he is not illegitimate.

While, perhaps, the complaint, measured by the strictest rules of pleading, might be regarded as ambiguous and uncertain in the respect pointed out, still we think it can hardly be said to wholly fail to state sufficient facts. It is certain that it sets forth facts enough to enable the defendant to sufficiently understand the issues tendered by the pleading and to meet it by proper and full denials. Under the allegations of the complaint the defendant is the father of the plaintiff, and whether legitimate or illegitimate, defendant is liable for his support. We would leave the discussion here were it not a fact that the remedies provided by section 196a, and those sections of the code permitting legitimate children to maintain actions against parents for support, are different, the difference being that in proceeding under section 196a to compel the support of an illegitimate child, the mother as such in her own name may maintain the action, and that it is in the power of the court to impound the property of the parent as security for the payment required by its decree. (Civ. Code, sec. 196a.) But conceding for the sake of argument that the point is meritorious, still we think the defect in the complaint is cured by the evidence introduced upon the hearing. The defendant having failed to answer, he could have taken his appeal upon the judgment-roll alone, but he has included the evidence in the record upon appeal (as he had a right to do—Code Civ. Proc., sec. 950), and it being before us, we doubtless may consider it. According to the evidence, the defendant is the father of the plaintiff and the latter's mother has never been married. In addition to this, counsel for the defendant admitted and asserted at the oral argument that "the plaintiff is a bastard." Under these circumstances, to reverse the decree because of the alleged defect in the complaint would be to accord more consideration to a technical error of pleading than is warranted in view of the recent amendment to the constitution relating to judicial procedure.

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 8, 1916.