[Civ. No. 13264. First Dist., Div. One. June 18, 1947.]

JUANITA LYNNE WONG, a Minor, etc., Respondent, v. WONG HING YOUNG, Appellant.

Frank J. O'Brien for Appellant.

Bussey & Cofer and Margaret Cofer for Respondent.

PETERS, P. J.—This action was brought by a minor child through her mother as guardian *ad litem*, to have defendant declared her father, and to compel the father to contribute to her support as provided in section 196a of the Civil Code. The complaint alleged that the child was that of defendant and was born out of wedlock. It prayed for a declaration of paternity, $250 per month for support and attorney's fee. The answer admitted that defendant was the father of plaintiff as charged, and alleged that the $50 a month that the defendant was then contributing towards the child's support was a reasonable sum. The only issues at the trial related to the amount of support that should, under the circumstances, be paid to plaintiff, and the amount of the attorney's fee. The trial court, based either on admissions in the pleadings, or on uncontradicted evidence, found that the guardian *ad*

*litem* is the mother, and defendant the father of plaintiff; that plaintiff's mother and defendant had once been married but were divorced in February, 1943; that in September, 1943, they resumed living together and continued to so live until November, 1944; that from February, 1943, until November, 1944, they were not married; that in January, 1945, the child was born as a result of that relationship.

On the issue of defendant's ability to pay, the court found that he owns and operates a laundry in Santa Rosa from which his net monthly income is $250, and that he also owns and operates a lottery agency. The court then found that $125 per month is a reasonable sum for the support and maintenance of plaintiff, and that $250 is a reasonable attorney's fee.

After making these findings, as one of its conclusions of law the court declared "that the plaintiff is entitled to a judgment and decree declaring that the plaintiff is the legitimate daughter of the defendant." That this was not a mere inadvertence is indicated by the judgment in which it is "ordered, adjudged and decreed that the plaintiff herein is the legitimate daughter" of defendant, and defendant was ordered to pay to the "mother of plaintiff" $125 per month for support and $250 attorney's fees. From this judgment the defendant appeals.

The first contention made is that, insofar as the trial court concluded and adjudged that plaintiff is the legitimate daughter of defendant, such determination is not supported by the evidence and is contrary to the findings. This contention is clearly correct. The pleadings, the findings, and the evidence are based on the theory of illegitimacy. These parties were divorced, apparently in Reno, in February, 1943. In September, 1943, without being remarried, they again started to live together and continued this relationship until November, 1944. The child was conceived during this period, and was born in January, 1945. No attack has been made on the validity of the divorce. This being so, the child was illegitimate.

Plaintiff urges that there was a legitimation under section 230 of the Civil Code. Under that section, to accomplish a legitimation, there are four essential requirements. They are: (1) The legitimator must be the natural father of the child; (2) he must publicly acknowledge that fact; (3) he must receive the child into his family; and (4) he must

otherwise treat it as his legitimate child. (See *Estate of Flood,* 217 Cal. 763 [21 P.2d 579] ; cases collected 1 Cal.Jur. p. 455, § 35.) The first and second requirements are here satisfied, but the third and fourth have not been met. This being so, there was no legitimation under section 230.

▇ Plaintiff next contends that, even if there were no legitimation under section 230 of the Civil Code, there was such legitimation under section 255 of the Probate Code. For the purposes of that section all that is required is an acknowledgment in writing of the relationship signed in the presence of a competent witness. While it is undoubtedly true that the admission of paternity in a verified pleading satisfies that section, the fallacy of plaintiff's position is that section 255 of the Probate Code is not a full legitimation statute but simply a statute of succession. (*Estate of Magee,* 63 Cal. 414; *In re Jessup,* 81 Cal. 408 [21 P. 976, 22 P. 742, 1028, 6 L.R.A. 594] ; *Estate of Loyd,* 170 Cal. 85 [148 P. 522] ; *Estate of Lund,* 26 Cal.2d 472 [159 P.2d 643, 162 A.L.R. 606] ; see note 6 Cal.L.Rev. 158.)

▇ This error in the conclusions and judgment does not require a reversal. This court has full power to modify the conclusions and judgment in accordance with the evidence and findings. (*Cowdery* v. *London etc. Bank,* 139 Cal. 298 [73 P. 196, 96 Am.St.Rep. 115] ; cases collected 2 Cal.Jur. p. 969, § 570.) The interests of justice require that that power be exercised in this case.

▇ It is next argued by defendant that it was error for the trial court to have ordered the support money payable to the mother of the minor child, the mother being the guardian *ad litem.* The defendant correctly points out that the mother is not a necessary party to such an action, that the award is for the minor, and that the minor is the real party in interest. (*Kyne* v. *Kyne,* 38 Cal.App.2d 122, 130 [100 P.2d 806].) There can be no doubt that the trial court, under section 372 of the Code of Civil Procedure, could have appointed a general guardian of the child for the purpose of handling the monthly payments for her benefit. In many cases that may be a proper procedure. But that is not the only procedure provided by law. It must be remembered that the judgment did not award this money to the mother absolutely. The judgment provides that the defendant shall pay the $125 per month to the "mother of the plaintiff, . . . as and for the support and maintenance of the plaintiff."

The mother was before the court as guardian *ad litem*. This action was brought under section 196a of the Civil Code, which provides that a minor illegitimate child may maintain an action for support against the father, and that such action may be maintained "by his mother or guardian, or by a guardian *ad litem*." It is then provided that "in such action the court shall have power to order and enforce performance thereof, the same as under sections 137, 137.5, 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife." Of course, in a divorce action, under the sections above enumerated, the court is empowered to order payments by the father to the mother having custody of their children for the maintenance and support of the children. Here the mother has such custody, and, since under section 196a, the court has "power to order and enforce performance" of its order of support the same as in divorce actions, it follows that the trial court, at least where, as here, the mother is before the court, has the power to make such payments payable to the mother.

The last contention of defendant is that the award is excessive. It will be remembered that the trial court found that defendant's net income from his laundry was $250 per month. and that, in addition, he operated a lottery. It is urged that the finding as to the income from the laundry is not supported. It should be noted that even if the precise finding that the net income from the laundry was $250 per month is not supported by the evidence, that fact would not require a reversal if the evidence shows that the father's income as a whole is sufficient to make the award of $125 reasonable under the circumstances. ■ A child, legitimate or illegitimate, is entitled to be supported in a style and condition consonant with the position in society of its parents. The father's duty of support does not end with the furnishing of mere necessities if he is able to afford more. (*Bailey* v. *Superior Court*, 215 Cal. 548, 555 [11 P.2d 865]; *Kyne* v. *Kyne*, 70 Cal.App.2d 80, 83 [160 P.2d 910].) The sole issue, after paternity is established, is the amount for support that is reasonable under the circumstances. In fixing the amount the trial court has a wide discretion, and the appellate court will not interfere with the amount fixed unless there has been an abuse of discretion. (*Gambetta* v. *Gambetta*, 30 Cal.App. 261 [157 P. 1141]; *Brockmiller* v. *Brockmiller*, 57 Cal.App. 2d 623 [135 P.2d 184]; *Hale* v. *Hale*, 55 Cal.App.2d 879 [132 P.2d 67]; *Kyne* v. *Kyne*, 70 Cal.App.2d 80 [160 P.2d 910];

cases collected 9 Cal.Jur. p. 809, § 147.) ■ Therefore, the real question presented is whether, under the evidence, the trial court abused its discretion in fixing the monthly allowance at $125. In determining this question, whether the finding as to the laundry income is supported is immaterial, if, on the evidence as a whole, the finding fixing the amount of the allowance is reasonable.

An examination of the record discloses that the finding that the laundry income of defendant is $250 per month is supported by the evidence of defendant himself, although his evidence on the subject is conflicting. While he was testifying as a witness on his own behalf and under direct examination by his own counsel the following occurred: ''Q. You are in business in Santa Rosa? A. Yes, laundry. Q. What is your income—your average income per month? A. About two hundred and fifty. Q. Is that your present income? A. Yes.'' While it may not be the only possible inference from that testimony, it is certainly a reasonable inference from it that defendant meant to testify that his income from the laundry was $250 per month. That testimony, and the reasonable inferences therefrom, support the finding in question. It is true that defendant, on cross-examination, attempted, with the assistance of his counsel, to cast doubts on this evidence. He was asked by counsel for plaintiff if he had not testified on direct examination that his income from the laundry was $250 per month. Immediately his counsel interrupted to state that that sum was his total net income. He then admitted running the lottery, and stated that his income from the lottery was about $50 to $100 per month. When then asked what his income from the laundry was he stated that it was about $150. These conflicts were for the trial court.

In addition to this testimony there is some evidence in the record that the lottery earnings of defendant were very substantial. The mother of plaintiff testified that defendant told her that his income from the lottery was sometimes over $1,000 a night. The father (or stepfather) of the mother testified that he heard defendant tell his then wife, the mother of plaintiff, that his income from the lottery was between $800 to $1,000 per day. A private detective, who was called on behalf of plaintiff, testified that he visited the lottery establishment of defendant three different times just before the trial; that the place stayed open from 12:30 in the afternoon to 7 or 7:30 in the evening; that there were four clerks

employed; that drawings were had every twenty minutes; that thirty or forty dollars were placed on each drawing; that he estimated the daily take at about $700. In view of this testimony it is quite clear that the finding that appellant can reasonably afford $125 per month for plaintiff's support is amply supported by the record.

The conclusions and judgment are modified by striking therefrom the word "legitimate" wherever it appears, and inserting in lieu thereof the word "illegitimate." As so modified the judgment is affirmed; plaintiff to recover her costs on this appeal.

Ward, J., and Bray, J., concurred.