[Civ. No. 19162.   Second Dist., Div. Two.   Oct. 3, 1952.]

MICHAEL JOHN KEMPPAINEN, a Minor, etc., Respondent, v. COY HESTER, Appellant.

Krag & Sweet for Appellant.

Emmett A. Tompkins for Respondent.

FOX, J.—Defendant appeals from a judgment awarding plaintiff $60 per month for his support and maintenance until he attains his majority or until further order of court.

Plaintiff was born on January 29, 1951. He is the illegitimate child of defendant. The testimony of the child's mother shows that $100 per month is required for the child's care. Approximately three-fourths of this amount is paid to a woman who takes care of the child five or six days a week so that the mother can carry on full-time employment.

Under section 196a, Civil Code, the father as well as the mother of an illegitimate child must give him support. ▮ In making such an award the court, in the exercise of a sound discretion, must be guided by the financial ability of the defendant to pay, and the needs of the child. (*Berry* v. *Chaplin*, 74 Cal.App.2d 669, 672 [169 P.2d 453].)

Defendant earns an average of $427 per month as a door-to-door salesman. He married in December, 1951, and is supporting his wife and her child. He is paying, under court order, $50 per month for support of another child by a former marriage, and insurance premiums on policies for the benefit of this child amounting to $7.50 or $8.00 a month. Defendant's car payments are $67.50 and the expense of operating it $50 per month. He also owes a bank $500 on which he is making monthly payments of $40. After deducting rent, the cost of food and clothing, utilities, insurance, and income-tax payments, defendant claims his monthly expenses exceed his income by approximately $47.50.

Defendant contends the court abused its discretion in requiring him to pay $60 per month for plaintiff's support because the evidence fails to show his financial ability to make such payments. In fact, defendant seeks to avoid making any contribution to plaintiff's support on the theory that his expenses are greater than his income. In his calculations, however, defendant gives himself an undue advantage. In figuring his monthly net income after taxes defendant takes $5,000 as his annual income and only a married man's income tax exemption. The first discrepancy is that $427 per month produces $5,124 on an annual basis. Thus there is an additional $10 per month income over defendant's figures. Since defendant is supporting his wife's child he is entitled to claim it as an income-tax exemption. If the payment he is making for the support of his 5-year-old child by his former marriage amounts to more than half of its maintenance he is entitled to also claim an exemption for it. His $600 annual cost of operating his car is a business expense and deductible. Interest on his bank loan and on the balance due on his car are of course deductible items as is a standard percentage for

sales tax. These items will total well over the 10 per cent of his gross income that defendant would be entitled to deduct automatically. It is thus apparent defendant has overestimated his income-tax liability by approximately $20 per month.

Since the trial court was entitled to take into consideration defendant's interest and bias (*People* v. *One 1937 Buick Coupe,* 89 Cal.App.2d 556, 561 [201 P.2d 402]; *Hannah* v. *Pogue,* 23 Cal.2d 849, 859 [147 P.2d 572]) in weighing and evaluating his testimony the court may well have concluded defendant's estimate of his car expense was excessive. Of course any deduction in this item would be reflected in defendant's business expense deductions in his income-tax return. This, however, would be small when compared to the direct savings by reducing his monthly automobile expense.

The court may also have concluded defendant did not need such an expensive and heavy car with which to carry on his door-to-door sales work; that he might well procure a lighter car which would be less expensive to operate and arrange payments on any balance there might be on a less burdensome basis; or, that he might refinance his present car so as to reduce his present heavy monthly payments.

It is thus clear that defendant's income approximately matched his outlay at the time of the hearing and that by some prudent adjustments in his business operations his income would more than match his necessary and reasonable expenses.

The fact defendant's expenses and income were substantially equal does not, however, establish his lack of ability to contribute to plaintiff's support. Defendant is supporting his wife's child. Such expense is reflected in food and clothing bills, and perhaps in rent, as well as in other items. Defendant is under no legal obligation to support this child which is not his own. He is under the legal duty to support plaintiff since he is his own child. Defendant may not take on the voluntary support of a child not his own and thus render himself financially unable to discharge his legal responsibilities to plaintiff. This is one of those situations where defendant "must be just before he is generous." It has been said that the issues involved in fixing the amount of support under section 196a, Civil Code, are of equitable cognizance. (*Kyne* v. *Kyne,* 70 Cal.App.2d 80, 82 [160 P.2d 910].) It certainly would not be equitable to allow defendant to escape contributing to the support of his own child simply because he was voluntarily supporting some other person's child. Neither

the age nor the expense of maintaining the child of defendant's wife appears, but from the items of household and family expense that are either given or estimated, $35 per month appears to be a reasonable portion of defendant's expense to allocate to the support of this foster child. This sum marks the amount of defendant's ability to support plaintiff under the evidence. The order of support must therefore be accordingly reduced.

Defendant further argues he should be relieved of contributing to the support of plaintiff because the mother is making sufficient salary to provide for herself and the plaintiff. The simple answer to this argument is that under section 196a "the liability for support of an illegitimate child is the mutual obligation of both the father and mother." (*Reed* v. *Hayward,* 23 Cal.2d 336, 340 [144 P.2d 561].) ▮ The father cannot escape this obligation by the mere circumstance that the mother may be able to earn enough to take care of the child. This would not be applying equitable principles in fixing the extent of their respective obligations. (*Kyne* v. *Kyne, supra.*) Although the evidence does not support the full amount of the court's award, nevertheless the record does not disclose any equitable or other reason why defendant should not, pending the readjustment of his business affairs, pay $35 per month for plaintiff's support and maintenance.

The judgment is modified by striking out "Sixty Dollars ($60)" and inserting in lieu thereof "Thirty-five Dollars ($35)."

As so modified the judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 1, 1952. Edmonds, J., and Carter, J., were of the opinion that the petition should be granted.