[Civ. No. 16128. First Dist., Div. Two. May 16, 1955.]

JOHN DOE KILCREASE, a Minor, etc., et al., Appellants, v. HARRY KILCREASE, Respondent.

G. K. Burgren and Bruce McMullen for Appellants.

Benjamin M. Davis for Respondent.

DRAPER, J. pro tem.*—This is an action to establish paternity. The trial court denied plaintiff's request for support pendente lite for medical and hospital expenses. The court did make a pendente lite order for counsel fees and costs on account. Plaintiff appeals from the order denying support and expenses pending trial.

*Assigned by Chairman of Judicial Council.

At hearing on the order to show cause the mother testified that she had lived with defendant at the latter's apartment and had sexual intercourse with him at times which would be within the normal period of gestation of plaintiff child. On cross-examination, she showed considerable uncertainty as to the location of the apartment.

She testified that she is a licensed cosmetologist and the owner of "Artie's New Look Beauty Shop." She normally worked in the shop and rented out four booths to other beauty operators. The mother was not working at the time of the hearing but only because of the short time elapsed since birth of her child.

Both the mother and defendant are married but, unfortunately, not to each other.

A trial court is allowed broad discretion in determining the amount to be awarded for child support. Upon a final judgment establishing paternity, that discretion is limited by the rule that a father cannot escape liability for support of his illegitimate child "by the mere circumstance that the mother may be able to earn enough to take care of the child." (*Kemppainen* v. *Hester,* 113 Cal.App.2d 472, 475 [248 P.2d 103].)

Here the application is only for support pending trial of the paternity issue. The issue of paternity is not fully tried or finally determined upon an order to show cause. If plaintiff prevails on trial of this action, the judgment for support can be made to run from date of the child's birth. (*Kyne* v. *Kyne,* 38 Cal.App.2d 122, 133 [100 P.2d 806].) Thus if plaintiff establishes paternity, the prejudicial effect of the interim order, if any, can be remedied in the judgment.

In the light of the testimony as to earning capacity of the mother and of defendant, and the uncertainty as to ultimate determination of paternity, we cannot say that the trial court abused its discretion here.

Appellant argues, in vague and general terms, that the trial judge had sat in juvenile court and therefore must be prejudiced in this type of case. Nothing in the record sustains any assertion of prejudice.

The order is affirmed.

Nourse, P. J., and Kaufman, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 13, 1955.