[Civ. No. 21439.    Second Dist., Div. Two.    July 26, 1956.]

JOAN EVELYN DANIELS, Respondent, v. ORRIN POTTER DANIELS, Appellant.

Boyle, Bissell & Atwill and Robert C. Mardian for Appellant.

Michael J. Clemens for Respondent.

ASHBURN, J.—Appeal by defendant husband from that portion of a judgment of divorce which makes no express finding or order with respect to the paternity of plaintiff's child named Gabrielle, who is claimed by the mother to be the offspring of defendant husband.

Respondent Joan Evelyn Daniels sued appellant Orrin Potter Daniels for divorce. The complaint is in the customary

form alleging, *inter alia,* marriage on September 25, 1952; that "there are three children of the marriage of plaintiff and defendant, namely, a daughter, Gabrielle Sleeter Daniels, born March 15, 1951, a daughter Nicole Potter Daniels, born March 11, 1952, and a son Devin Potter Daniels, born March 4, 1953." In addition to a divorce plaintiff sought custody of the three minors and payment to her of $300 a month for their support. Defendant denied the allegation of three children of the marriage, alleged that Nicole and Devin were issue of the marriage and in effect denied that Gabrielle was his child. He prayed that plaintiff take nothing. Defendant filed a cross-complaint which is in the usual form of a divorce complaint. It alleges two children, Nicole and Devin, to be the issue of the marriage and prays that he have their custody as well as a divorce. In answer thereto the wife denies there are but two children of the marriage and prays that the husband take nothing by his cross-complaint. The court granted plaintiff a divorce, awarded her the custody of Nicole and Devin and ordered defendant to pay her $225 a month for their support. The judgment makes no mention of Gabrielle; she is however mentioned in the findings in a manner hereinafter discussed.

Though defendant appealed from the entire judgment, his opening brief "herewith requests permission of the court to abandon this appeal except in so far as it relates to that portion of the judgment which makes no determination of the paternity of the child Gabrielle Schlueter and the refusal of the trial court to make any finding upon said issue." This is the question which is debated by counsel for both sides. It is to be noted that defendant, not plaintiff, complains of the absence of a finding upon the paternity issue. The conclusions of law say: "No determination is made as to the paternity of the child, GABRIELLE SLEETER DANIELS, since said child was not a party to this action. As to the plaintiff and cross-defendant, the determination of said issue of paternity was settled and disposed of in a previous divorce action maintained by her in Reno, Nevada, and said foreign judgment is res judicata." As will later appear, the judgment does determine (between husband and wife) that defendant is not obligated to pay the mother any money for the support of Gabrielle. Whether the absence of a specific finding upon her paternity is a crucial matter depends upon a determination of whether this action is merely for divorce or has been con-

verted somehow into a filiation proceeding under section 196a of the Civil Code.[1]

The text for further discussion is found in *Gonzales* v. *Pacific Greyhound Lines,* 34 Cal.2d 749, 753 [214 P.2d 809]. In a divorce action between Jeraldine Gonzales and Ralph Gonzales plaintiff had sworn that defendant was not the father of her son Kenneth; the court awarded his custody to the mother and adjudged that the husband was not required to contribute to Kenneth's support. The husband Ralph was killed in an accident and an action was brought against the Pacific Greyhound Lines to recover for wrongful death. The question of whether Kenneth was an heir of Ralph arose in the trial of that case. The Supreme Court held that the interlocutory decree was not admissible in the wrongful death action, saying (p. 753) : "While the interlocutory decree stood as a final adjudication between the husband and the wife on the issues there submitted (*Leupe* v. *Leupe,* 21 Cal.2d 145, 148 [130 P.2d 697]; *Borg* v. *Borg,* 25 Cal.App.2d 25, 29 [76 P.2d 218]; *Estate of Hughes,* 80 Cal.App.2d 550, 555 [182 P.2d 253]), plaintiff was not a party to that litigation and he was not bound by the determination of his status therein. (*Estate of Walker,* 176 Cal. 402, 412 [168 P. 689].) The absence of a support order in the divorce decree stemmed wholly from a finding of nonpaternity, and there would have been no legal basis for holding the husband liable in that action for the child's support. Such decree would in nowise be material here on the issue of plaintiff's right to recover for the pecunary loss he claims to have sustained as the result of the decedent's death. (See *Davis' Administrator* v. *Cincinnati, New Orleans & Texas Pacific Railway Co.,* 172 Ky. 55 [188 S.W. 1061, 1063, Ann.Cas. 1918E 414]; note, Ann. Cas. 1918E p. 419.) Accordingly, the interlocutory decree of divorce was not admissible for any purpose in this action— in challenge either of plaintiff's relationship to the deceased or of his right to recover damages consistent with his heirship claim herein."

---

[1]Civ. Code, § 196a: "The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, or by a guardian ad litem appointed upon the written application or with the consent of his mother; provided, that such application or consent shall not be necessary if the mother is dead or incompetent, and in such action the court shall have power to order and enforce performance thereof, the same as under sections 137, 137.5, 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife."

■ Any ruling upon the issue of paternity in the instant case could not affect any rights of Gabrielle to compel support from defendant if he be her father,—not unless this divorce action was converted by express or implied agreement of the two Danielses into a filiation proceeding under Civil Code, section 196a. Such is the effect of the Gonzales decision. The fact that the issue is actually canvassed in a divorce action does not change or affect the rule, for there is inherent in every such lawsuit between parents of minor children the potential issue of paternity. The mother, when plaintiff, alleges that there are a certain number of children of the marriage and prays for custody and support. Defendant husband admits or denies. If he admits, the potential issue fades out. If he denies, the issue is formally raised and must be tried. But that is an issue between the spouses and is canvassed for the purpose of determining custody and right to support, usually the latter. If the wife prevails defendant must pay to her such amount as is awarded by the court for the children's support. If defendant husband succeeds on that issue he is subjected to no such award in favor of the mother. As held in the Gonzales case, *supra,* the ruling concludes the matter as to the spouses but does not affect the right of the child to pursue the remedy provided by section 196a. The fact that two of the children involved in this case were born before the marriage to Daniels and one of them five months after that event cannot affect the application of the Gonzales rule, for the issue is raised and tried between the parents and between them only.

■ An action under section 196a must be brought on behalf of the child by the mother or a general guardian or guardian *ad litem.* ■ It must be "maintained in behalf of" the minor child. He or she is the real party in interest and if the suit is successful the award of support runs in favor of the child, although it may be made payable to the mother for such use. ■ "There can be no doubt that the trial court, under section 372 of the Code of Civil Procedure, could have appointed a general guardian of the child for the purpose of handling the monthly payments for her benefit. In many cases that may be a proper procedure." (*Wong* v. *Young,* 80 Cal.App.2d 391, 394 [181 P.2d 741].) ■ The ordinary divorce action does not fall in the category of one maintained on behalf of the child. ■ It is to be noted parenthetically that there runs all through the law of do-

mestic relations a basic principle that husband and wife cannot impair or sacrifice the welfare of the child, legitimate or illegitimate, by any voluntary agreement between them. (See, as examples of this doctrine, *Berry* v. *Chaplin*, 74 Cal. App.2d 652 [169 P.2d 442] ; *Lewis* v. *Lewis*, 174 Cal. 336, 341 [163 P. 42].) The case now on appeal was never converted into a filiation proceeding under section 196a.

Throughout this case the existence of an issue *re* Gabrielle's paternity has been discussed by defendant's counsel as if its presence and its decision would bind her. That is a mistaken view. The case started as an ordinary divorce action. At the hearing of an application for temporary alimony, custody and support, the question arose whether paternity of Gabrielle was in issue. After considerable discussion the judge suggested that that question could be properly put in issue by an amendment to the complaint setting forth a separate cause of action under section 196a. This was never done. At a pretrial conference another judge ruled that paternity was in issue but he made no attempt to go any further; he did not order the child brought in as a party or appoint any guardian *ad litem* to represent her. At the opening of the trial plaintiff's attorney moved to strike from the complaint the allegations with respect to Gabrielle's paternity; this on the grounds that she was not a party to the action and that a separate paternity proceeding had been commenced on her behalf by a guardian *ad litem*. Counsel further said, ''I want to make it clear to the Court I have nothing whatever to do with the paternity suit''; also, ''There is no prejudice whatsoever that can attach to the defendant herein. For one thing, the real party in interest insofar as the party can be said to be of interest is the child, and she is not a party to this action, and any determination by the Court in that regard would not be under the rule of the Gonzales case, and it would have to be readjudicated.'' The court reserved the ruling. Plaintiff's attorney then said he would not go into the issue unless the judge should rule against him on his motion, in which event he would move to reopen. His direct examination of plaintiff made no reference to the matter. Clearly this was not a proceeding on behalf of the child up to this point. Quite the contrary.

On cross-examination of plaintiff defendant's counsel opened the issue and it was then pursued elaborately by both sides. It was shown that plaintiff herein was having intimate

relations with Daniels and with Schlueter,[2] her then husband, throughout June of 1950, a time when Gabrielle, born on March 15, 1951, normally would have been conceived. First plaintiff was living with Daniels in Paris, then with Schlueter in Rome and back to Daniels in Paris. ■ She testified that although she lived in the same apartment with her husband for 10 days they had no intercourse, but this evidence the law declares to be incompetent and to be disregarded whether received over objection or without opposition; the rule is based upon grounds of public policy and common decency. (See *Estate of Mills,* 137 Cal. 298, 302 [70 P. 91, 92 Am.St. Rep. 175]; *Estate of McNamara,* 181 Cal. 82, 88 [183 P. 552, 7 A.L.R. 313]; *Estate of Walker,* 176 Cal. 402, 410 [168 P. 689].) ■ Although plaintiff, the mother, may question the legitimacy of her child (Civ. Code, § 195), she is under the circumstances disclosed here precluded from succeeding in that objective, for the child is conclusively presumed to be the offspring of her husband, Schlueter.

It also appears that plaintiff filed a divorce action against Schlueter in Reno, Nevada, on January 31, 1951. She alleged that there were two children of the marriage, Dorian and John; also that "as the issue of this marriage there is a child in posse, to be born during the month of March, 1951." She prayed, among other things, "that plaintiff be awarded the sole permanent legal custody and control of the child in posse, the issue of this marriage, to be born during the month of March, 1951." The husband was served by publication and did not appear. The matter was heard as a default. Plaintiff testified that the child had been born about one month before the hearing and was named Gabrielle Schlueter. This child was in Nevada with her mother at the times of filing complaint and default hearing. Plaintiff in her testimony asked for the custody of Gabrielle. The court found the complaint allegation concerning this child to be true. Also: "That since the filing of said complaint and on the 15th day of March, 1951, a daughter was born the issue of said marriage, namely, GABRIELLE SCHLUETER, and said child is in the custody of said plaintiff." A divorce was granted to plaintiff, the decree containing this: "That plaintiff is granted the sole legal care, custody and control of the two minor children now residing with her, namely, JOHN EDWARD

---

[2]The names Schlueter and Sleeter are used interchangeably throughout the record.

SCHLUETER and GABRIELLE SCHLUETER.'' Jurisdiction was expressly reserved for the making of any orders for the future welfare and support of the three children. ▮ The child being resident within the state of Nevada the court had jurisdiction over her custody and the underlying question of her status as a child of defendant Schlueter. (See *Sampsell* v. *Superior Court,* 32 Cal.2d 763, 778-780 [197 P.2d 739].) Of course defendant at bar does not attack that judgment; he stoutly relies upon it. ▮ The plaintiff is in no position to question it for she procured the decree and remarried on the strength of it. (*Rediker* v. *Rediker,* 35 Cal.2d 796, 805 [221 P.2d 1, 20 A.L.R.2d 1152]; *Dietrich* v. *Dietrich,* 41 Cal. 2d 497, 505 [261 P.2d 269].)

At the close of the trial of the instant case plaintiff's attorney withdrew his pending motion to eliminate the allegations concerning paternity of Gabrielle and the court assented thereto. But the transcript discloses that the trial was devoted to disputes between the embittered spouses and that no statement was ever made to or by the court that this was an action, or to be treated as an action, brought or maintained on behalf of Gabrielle. This left the litigation within the orbit of the Gonzales decision and any ruling made by the court does not bind Gabrielle.

In due course findings were made, paragraph IV of which says: ''A third child, GABRIELLE SLEETER DANIELS, was born during the time that plaintiff and cross-defendant was married to another man, to-wit, JAY SLEETER or JAY SCHLUETER. A judgment rendered by the Court in the State of Nevada adjusted [sic] and decreed that the child GABRIELLE was the child of said plaintiff and JAY SCHLUETER. The child GABRIELLE is not a party to this action and made no appearance through a Guardian ad Litem in the action.'' Paragraph II of the conclusions: ''No determination is made as to the paternity of the child, GABRIELLE SLEETER DANIELS, since said child was not a party to this action. As to the plaintiff and cross-defendant, the determination of said issue of paternity was settled and disposed of in a previous divorce action maintained by her in Reno, Nevada, and said foreign judgment is res judicata.'' Paragraph III contains an award for the support of Nicole and Devin and of course says nothing about Gabrielle. The judgment awards custody of Nicole and Devin to plaintiff, together with the sum of $225 a month for their support. It makes no mention of Gabrielle. The

sentence, "No determination is made as to the paternity of the child, GABRIELLE SLEETER DANIELS, since said child was not a party to this action" is the real basis for defendant's appeal herein. Whether he has ground for complaint remains for discussion.

The effect of a judgment which grants part of the relief prayed by plaintiff and is silent as to the rest of the prayer (e.g., support money for Gabrielle) is a denial of the latter phase of the relief sought, especially where, as here, a ruling on the omitted matter is necessarily implicit in that which is expressly stated. Section 1911, Code of Civil Procedure, includes in that which is deemed to have been adjudged any matter "which was actually and necessarily included [in the judgment] or necessary thereto." (See *Miller* v. *More*, 170 Cal. 557, 561-562 [150 P. 775]; *Ernsting* v. *United Stages, Inc.*, 206 Cal. 733 [276 P. 103]; *George* v. *Bekins Van & Storage Co.*, 83 Cal.App.2d 478, 482 [189 P.2d 301]; *Board of Comrs. for Buras Levee Dist.* v. *Cockrell*, (5 Cir.) 91 F.2d 412, 416; *London* v. *Allison*, 87 Colo. 27 [284 P. 776, 777-778]; *Snell* v. *Knowles*, (Tex.Civ.App.) 87 S.W.2d 871, 877-878; *Tennison* v. *Donigan*, (Tex.Civ.App.) 237 S.W. 229, 231; *Evans* v. *McKay*, (Tex.Civ.App.) 212 S.W. 680, 687; *Royal* v. *Royal*, 324 Mass. 613 [87 N.E.2d 850, 853]; *Bankers Life Co.* v. *Ball*, (Tex.Civ.App.) 129 S.W.2d 805, 810.) Implicit in the judgment at bar is a finding that so far as the rights of the mother are concerned the child is not the issue of this defendant and he therefore is not liable for her support. The judgment exonerates defendant from any obligation to the mother for support of Gabrielle and he is entitled to no greater relief in this action. "The absence of a support order in the divorce decree stemmed wholly from a finding of nonpaternity, and there would have been no legal basis for holding the husband liable in that action for the child's support." (Again quoting Gonzales case, *supra*, at page 753.)

It is true that the implied finding that Gabrielle is not defendant's child and the express statement in the conclusions that no determination is made as to her paternity, present an apparent conflict which must be reconciled if possible in aid of the judgment. It is well established that findings will be liberally construed in order to make them complete and internally consistent, thus avoiding reversal on purely technical grounds. (*Kaye* v. *Tellsen*, 129 Cal.App.2d 115,

119 [276 P.2d 611]; *Logan* v. *Forster*, 114 Cal.App.2d 587, 596 [250 P.2d 730]; *Martinez* v. *Martinez*, 41 Cal.2d 704, 706 [263 P.2d 617].)     "Even where findings are to some extent inconsistent a judgment may not be set aside unless the conflict is clear and material and the findings are incapable of being harmoniously construed. . . .     It is also to be noted that while full findings are required upon all material issues a judgment will not be set aside on appeal because of a failure to make an express finding upon an issue if a finding thereon, consistent with the judgment, results by necessary implication from the express findings which are made." (*Richter* v. *Walker*, 36 Cal.2d 634, 639, 640 [226 P.2d 593].)     The court having held that plaintiff is estopped to deny the child's paternity and legitimacy there was no necessity for a specific finding on the subject. The phraseology of the quoted sentence fairly shows that the judge was refraining from action which might affect or seem to affect Gabrielle's rights in a suit to which she is not a party. Remarks made by him during the trial disclose that he had this thought in mind. The exoneration of defendant from liability to the mother for support of this child is the only finding the defendant needs to protect him against further claims advanced on behalf of the mother, and that is all that could be adjudicated effectively in this case. The quoted sentence of the conclusions may properly be disregarded as surplusage. (*American Nat. Bank* v. *Donnellan*, 170 Cal. 9, 15 [148 P. 188, Ann.Cas. 1917C 744]; *Martinelli* v. *Luis*, 213 Cal. 183, 185 [1 P.2d 980].) Defendant has no valid ground for complaint as to the disposition of this action.

We do not consider this ruling to be opposed to *Daniels* v. *Superior Court*, 132 Cal.App.2d 700 [282 P.2d 1000]. That was a mandamus proceeding to direct the trial court to make a finding in this case upon the question of paternity. The return to the petition was a demurrer and the matter was presented and considered upon the basis of the truth of the allegations of the application. It alleged the action to have been tried as one for divorce and to establish paternity, and the court considered it as a dual proceeding, as appears from the first sentence of the opinion: "The petition in this court for writ of mandate represented that the petitioner was a defendant in an action brought by Joan Evelyn Daniels for a decree of divorce and to establish the paternity of a minor child, paternity of which was denied by petitioner.

. . . '' With the pleadings and evidence before us we now know that this case cannot properly be treated as a proceeding under section 196a.

Judgment affirmed.

Fox, Acting P. J., concurred.

Mr. Presiding Justice Moore did not participate in the determination of this matter.