[Civ. No. 24688.    First Dist., Div. One.    June 26, 1968.]

PRECIOUS WILBERN VERNELL STARGELL, a Minor, etc., Plaintiff and Appellant, v. WILVER STARGELL, Defendant and Respondent.

Stern, Stotter & Rosenberg and Lawrence H. Stotter for Plaintiff and Appellant.

Danaher, Fletcher, Gunn & Ware, James T. Danaher and Phillip S. DeCaro for Defendant and Respondent.

MOLINARI, P. J.—Plaintiff minor, by her guardian ad litem, appeals from an order modifying child support payments.

In 1964, the superior court entered a judgment establishing that plaintiff is the illegitimate daughter of Brenda Joyce Hyde and defendant, Wilver Stargell, and ordered him to pay $75 a month for child support plus certain medical expenses. In December 1966 plaintiff sought to modify the judgment for support by increasing the previous award to $150 per month. After a hearing the court increased the payments to $110 per month. In appealing from this order plaintiff contends that the trial court abused its discretion in allocating the cost of plaintiff's maintenance equally between Mrs. Hyde and defendant; that the trial court applied a standard of support to plaintiff different than the standard it uses for legitimate children; that the trial court erred in refusing to consider as relevant the amount defendant is paying as support for another of his children; and that the trial court did not weigh the respective social and economic circumstances of the parties.

Defendant is a ball player for the Pittsburgh Pirates Athletic Club, presently earning $22,000 a year or $1,833 a month. At the time of the original judgment in 1964, he was earning $10,000. He has a daughter, Wendy, of a former marriage, who was born about a month before plaintiff, and is paying $150 a month for her support. Defendant's monthly expenses at the time of the hearing totaled $1,848.97. These expenses included about $25 per month city wages tax; $360 per month withholding tax; $60 per month payment towards his pension; $10 per month athletic club dues; $475 per month payment on a debt to the athletic club of $7,300; rent, food, utilities and clothing expenses of $380 per month; a total of $157 per month for expenses and payments on a new Buick Riviera automobile; and $35 per month for incidentals.

He was also paying $100 to the mother of plaintiff ($75 for support and $25 for arrearages) and $100 in alimony to his former wife, the mother of Wendy, as well as $150 for Wendy's support. The alimony, however, ceased in December of 1966. About three weeks before the hearing in this proceeding, defendant remarried.

Plaintiff's mother, Brenda Hyde, at the time of the hearing had been married about three years. In addition to plaintiff, then four years old, Mrs. Hyde and her husband are raising a child of their marriage, Lance, aged two and one-half years at the time of the hearing. Mrs. Hyde was employed by Continental Can Company, earning about $309.60 monthly, and her husband was employed by Safeway Stores, earning about $468.70 monthly. The monthly expenses for the Hydes were as follows: $73 for nursery school for plaintiff; $60 for babysitting expenses; $85 for rent; $150 for food; and $10 for clothes for plaintiff. The trial court computed the expenses for plaintiff to be $220 per month.

Civil Code section 196a[1] provides that "The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances," and that in a proceeding to enforce such obligations "the court shall have power to order and enforce performance thereof, the same as is the case with respect to legitimate children, in a suit for divorce by a wife." ▮ Under this section the liability for support of an illegitimate child is the mutual obligation of both the father and mother. (*Reed* v. *Hayward,* 23 Cal.2d 336, 340 [144 P.2d 561]; *Myers* v. *Harrington,* 70 Cal.App. 680, 683-684 [234 P. 412]; *Kemppainen* v. *Hester,* 113 Cal.App.2d 472, 475 [248 P.2d 103].) Accordingly, insofar as the obligation of both parents to support is concerned, section 196a declares a public policy that illegitimate and legitimate children are to be treated alike. (*Estate of Woodward,* 230 Cal. App.2d 113, 118 [40 Cal.Rptr. 791, 12 A.L.R.3d 1134].) Accordingly, the support order is to be made by the trial court in the exercise of its sound discretion, taking account of the child's needs, the financial ability of the father, and the financial circumstances of the mother. (*Kyne* v. *Kyne,* 70 Cal. App.2d 80, 83 [160 P.2d 910]; *Wong* v. *Young,* 80 Cal.App.2d 391, 395 [181 P.2d 741]; *Whiteside* v. *Wilkerson,* 211 Cal. 752, 753 [297 P. 15]; *Gambetta* v. *Gambetta,* 30 Cal.App. 261, 263 [157 P. 1141].) ▮ "The sole issue, after paternity is

[1]All statutory references herein made are to the Civil Code.

established, is the amount for support that is reasonable under the circumstances. In fixing the amount the trial court has a wide discretion, and the appellate court will not interfere with the amount fixed unless there has been an abuse of discretion. [Citations.]'' (*Wong* v. *Young, supra,* at p. 395; see *Kyne* v. *Kyne, supra,* at p. 83.) ■ It should be noted, moreover, that the father's duty of support does not end with the furnishing of mere necessities if he is able to afford more. (*Bailey* v. *Superior Court,* 215 Cal. 548, 555 [11 P.2d 865]; *Berry* v. *Chaplin,* 74 Cal.App.2d 669, 672 [169 P.2d 442]; *Wong* v. *Young, supra,* at p. 395.)

■ Here it is contended, not that the sum of $110 per month for child support is necessarily so inadequate as to constitute an abuse of discretion, but rather that the method by which the court arrived at said sum was wrong in that the court did not consider the circumstances of the parties but merely allocated the child's needs equally between its parents. It appears from the record, however, that the court was aware of and explicitly considered all of the evidence which we have summarized relating to the child's needs and the circumstances of both parents. The trial court made it clear that its order was predicated upon defendant's present circumstances, taking into consideration his large financial obligations, and noted that upon a change of such circumstances the award was properly modifiable. It was upon the basis of defendant's financial difficulties and the financial circumstances of both parents that the trial court concluded that it could do no more than equate his ability to contribute to the support of the child with that of the child's mother. We, accordingly, conclude that the trial court did not abuse its discretion in allocating the costs of plaintiff's support as it did.

■ Adverting to plaintiff's contention that the trial court applied a standard of support to plaintiff different than the standard it uses for legitimate children, and that the court refused to consider as relevant the amount defendant is paying his legitimate daughter, we note that these contentions are predicated upon certain comments made by the court. Although these comments, which we set out verbatim in the footnote,[2] appear at first blush to indicate that the court was

---

[2]". . . I think there is a distinction that the Court can and should appropriately consider. It's traditional and customary that when two people enter into a marriage with the expectation of creating a family that the function of the husband will be as the breadwinner and that of the wife, as the maintainer of the home, to be most intimately concerned with raising the children, and so when such a family is subsequently dis-

making a distinction between legitimate and illegitimate children, it is apparent that they were made in the context of the facts of the present case and purport to state a correct apprehension of the law that it is the obligation of both parents to support the illegitimate child. (§ 196a.) ■ These comments do not, moreover, establish that the judge was somehow prejudiced against illegitimate children, nor is plaintiff able to cite any portion of the record indicating that such prejudice, if it existed, influenced the judge to make an insufficient award. In any event, the claim that the judge was prejudiced against plaintiff cannot be made for the first time on appeal. (*Oak Grove School Dist.* v. *City Title Ins. Co.*, 217 Cal.App. 2d 678, 703 [32 Cal.Rptr. 288]; *People* v. *Pratt*, 205 Cal.App. 2d 838, 844 [23 Cal.Rptr. 469].)

■ As to the $150 a month being paid to defendant's legitimate daughter, we note that this evidence was properly before the judge in order to help determine defendant's expenses. The judge's alleged "refusal" to consider said evidence is based upon his comment that "what is given to one child I don't think is of any consequence." By this comment we have no doubt that the judge meant to express what we think is a correct understanding of the applicable law, namely, that the support awards for the two children here involved need not be equal. The needs of the child Wendy and the financial condition of her mother are both unknown factors which may necessitate a higher support award than was given to plaintiff here. The facts that both children were born at about the same time and both reside in the same city do not suffice to require equality in their respective support allowances as a matter of law. Rather, we agree with the trial court that the amount of support being paid for Wendy is not relevant to the question of the proper amount to be paid to plaintiff, except insofar as Wendy's support is one of defendant's necessary expenses.

■ It should be here pointed out, moreover, with respect to defendant's obligation to support Wendy, that, although the trial court has the power to require either the father or

---

solved, it's in the interest of public policy that the mother should continue in that role so that the father should support the family, but in the case of a child that comes into the world in this fashion, I do not believe that the father is any more responsible than is the mother and if she is in the fortunate position of being able to contribute to the support of the child, then she's just as responsible as is the father for its maintenance, so I think there is a valid distinction, and in any case, what is given to one child I don't think is of any consequence."

510

mother or both to assist in the support of a legitimate minor child, the civil liability for the support of a legitimate child is imposed primarily on the father and only secondarily on the mother. (§ 196; *Blair* v. *Williams,* 86 Cal.App. 676, 680 [261 P. 539]; *Metson* v. *Metson,* 56 Cal.App.2d 328, 333 [132 P.2d 513]; *Newell* v. *Newell,* 146 Cal.App.2d 166, 178 [303 P.2d 839]; *Chapin* v. *Superior Court,* 239 Cal.App.2d 851, 856 [49 Cal.Rptr. 199]; see *Nunes* v. *Nunes,* 62 Cal.2d 33, 39 [41 Cal.Rptr. 5, 396 P.2d 37].)

Turning to plaintiff's remaining contention that the trial court refused to weigh the social and economic circumstances of the parties, we observe that the court did consider evidence relevant to the circumstances of both defendant and Mrs. Hyde, and there is no indication in the record that the court did not weigh this evidence properly. This contention is just another way of challenging the trial court's discretion in allocating the costs of plaintiff's support equally between defendant and Mrs. Hyde. As already noted, we see no abuse of discretion in this regard. Further, since the mother is not a necessary party to this action and plaintiff, the child, is the real party in interest (*Wong* v. *Young, supra,* 80 Cal.App.2d 391, 394), plaintiff does not have standing to question the fairness of the allocation, so long as the award to her was reasonable under the circumstances.

The order is affirmed.

Sims, J., and Elkington, J., concurred.