[S. F. No. 10158. In Bank.—July 31, 1922.]

MADERA SUGAR PINE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act—Total Dependency of Minor—Sufficiency of Evidence.—In this proceeding to review an award of a death benefit to the minor child of a deceased employee, the record clearly establishes, as a fact in the proceeding before the Industrial Accident Commission, that the minor was wholly dependent upon the deceased for support, irrespective of the "conclusive presumption" of dependency declared by section 14, subdivision a, paragraph 2, of the Workmen's Compensation Act (Stats. 1919, p. 917).

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

Fee & Ring for Petitioner.

A. E. Graupner and Warren H. Pillsbury for Respondents.

WASTE, J.—This is a proceeding on a writ of review. Lilburn Mankin, while employed by the petitioner as a laborer, sustained injuries occurring in the course of, and arising out of, his employment, which resulted in his death. After proceedings duly had the Industrial Accident Commission found that the deceased employee left surviving, alone, and wholly dependent upon him, Lilburn Mankin, his son, aged five years, and awarded said minor child a death benefit in the sum of $4,900, payable weekly at a specified rate. The sole question presented upon the application is the correctness of an award predicated upon total dependency of the claimant. The respondent justifies its action upon two grounds, *first*, that it is supported by evidence of the existing facts, and, *second*, that it is warranted by the conclusive presumption as to the dependency of a minor, laid down in section 14 of the Workmen's Compensation, Insurance and Safety Laws (Stats.

1919, p. 917, sec. 5). Both of these positions are challenged by the petitioner.

From the testimony adduced before the Commission it appears that at the time of and for three years prior to the death of Mankin, the employee, his minor child, the claimant, was not living with him, but resided with Mrs. Kate Manley, mother of Mankin's deceased wife, and maternal grandmother of the boy. The circumstances which brought about this arrangement were as follows: The mother of the little boy died in November, 1918, when the child was but two years of age. Mankin, taking the boy with him, thereupon resided for a short period with Mrs. Manley, paying her eight dollars a week for a time, and later ten dollars a week, for himself and child. When he went away, apparently to return to his employment, he left the child with Mrs. Manley, and made an arrangement with her to pay her fifteen dollars a month for the support of the boy, and to supply necessary clothes for him as needed. This arrangement Mankin faithfully kept until his death. The arrangement was satisfactory to Mrs. Manley, and the amounts paid by the father were declared by her to be sufficient to cover all the expenses of board and clothing for the child. The boy was never sick, was too young to attend school, and needed but few clothes, which the father supplied, amounting to about thirty dollars a year.

Mrs. Manley lived separate and apart from her husband. Her eighteen-year-old son, who lived with her, and who worked as a ranch hand, earning eighteen dollars a week when so employed, contributed to the household expenses. Mrs. Manley herself did washing as a means of support. Whatever her son contributed, her own earnings, and the amount paid to her by her son-in-law, for board and clothing for his child, went into a common fund from which Mrs. Manley paid all the expenses. From this fact the petitioner would have it appear that both Mrs. Manley and her son contributed to the support of the boy, and he was therefore not wholly dependent upon his father for support. There is nothing in the point. In view of the uncontradicted evidence, cited above, particularly in the light of the testimony of Mrs. Manley that the amount paid her by the boy's father covered the cost of the boy's keep

and clothing, the contention is scarcely worth the consideration here given to it.    [1]    The record under review clearly establishes, as a fact in the proceeding before the Commission, that the claimant there was wholly dependent upon the injured employee for support and the award based upon that finding may not be disturbed.

Passing to the second phase of the proceeding here under review, respondent takes the position that the claimant for an award, being a child under the age of eighteen years, physically incapacitated from earning a living because of tender age, is conclusively presumed to have been wholly dependent for support upon Mankin, the deceased parent, at the time of the injury.    In making such contention respondent relies upon the provisions of section 14, subdivision (a), paragraph (2) of the Workmen's Compensation Act (Stats. 1919, p. 917), which in substance so declares.    Whether that be so or not, and whether or not that provision of the act is unconstitutional, in that the application in this case would deprive petitioner of a proper opportunity to submit all the facts bearing upon the issue—these questions are immaterial in the face of the testimony contained in the record before us.    Irrespective of the "conclusive presumption" declared by the statute, it otherwise satisfactorily appears that the claimant before the Industrial Accident Commission was wholly dependent upon the deceased employee of the petitioner for his support.

The award is affirmed.

Shaw, C. J., Myers, J., *pro tem.*, Sloane, J., Lennon, J., and Lawlor, J., concurred.