[L. A. No. 7183. In Bank.—April 18, 1923.]

## LLEWELLYN IRON WORKS (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — PARENT AND CHILD — DEPENDENCY—INTERLOCUTORY DECREE OF DIVORCE—CERTIORARI.—In a proceeding by a minor under the Workmen's Compensation Act for compensation for the death of his father, who was injured in the course of his employment, inquiry into the question of the minor's dependency upon his father may be made, even though the custody and control of the minor had been awarded to the mother by an interlocutory decree of divorce, in which no provision was made for the support of the child, the situation thus presented by the interlocutory decree only *prima facie* relieving the father of the duty of supporting his child.

[2] ID. — DEPENDENCY — EFFECT OF DIVORCE PROCEEDINGS.—In such proceeding, where it is disclosed that the parents of the minor were divorced when the child was between three and four years of age, that summons was served on the father by publication, that by the terms of the interlocutory decree the custody and control of the minor were awarded to the mother, without any provision being made for the support of either the mother or the child, and that the final decree was silent as to all such matters, it merely adjudging a dissolution of the marriage, there is, therefore, nothing in the divorce proceedings which changes the legal status of dependency of the minor child in this proceeding.

[3] DIVORCE—INTERLOCUTORY DECREE—NATURE OF.—An interlocutory decree of divorce is, by the terms of the statute, provisional and temporary only; it is conclusive between the parties to the divorce action only during the period elapsing before the final judgment, unless by some court proceeding or agreement between the parties it be in some manner modified.

[4] WORKMEN'S COMPENSATION ACT — DEATH OF FATHER—DEPENDENCY OF MINOR—EVIDENCE.—A minor is wholly dependent upon its father within the meaning of the Workmen's Compensation

---

1. Effect of divorce on right of spouse or child to compensation under Workmen's Compensation Acts, notes, 8 **A. L. R.** 1113; 13 **A. L. R.** 729.

4. Who are dependents within the meaning of the Workmen's Compensation Acts, **Ann. Cas.** 1913E, 480; **Ann. Cas.** 1918B, 479; 13 **A. L. R.** 686; **L. R. A.** 1916A, 121, 163, 248; **L. R. A.** 1917D, 157; **L. R. A.** 1918F, 483.

Act where, even though its parents have been divorced and its custody awarded by the interlocutory decree to the mother without any provision therein for its support, the father, at and immediately prior to his injury, recognized and was, to the best of his ability under the circumstances, discharging his parental duties and obligations, and was supporting his child.

PROCEEDING in Certiorari to annul an award of the Industrial Accident Commission granting death benefit. Award affirmed.

The facts are stated in the opinion of the court.

Haas & Dunnigan and J. J. Wilson for Petitioner.

A. E. Graupner and H. C. Kelsey for Respondents.

WASTE, J.—Proceeding to annul an award made by the Industrial Accident Commission for death benefits to William E. McDonald, a minor, by reason of the death of his father, Joseph B. McDonald, an employee of petitioner; the award being made against the petitioner as a self-insurer.

The Commission found that the deceased was employed by the petitioner as a crane man in its manufacturing plant; that he sustained injury arising out of and occurring in the course of his employment from which he died, and that the said employee left surviving him, and wholly dependent, the respondent, William E. McDonald, a minor child, and the said minor child is entitled to a death benefit, together with the usual expenses.

The writ of review is sought upon the theory that the evidence introduced before the Commission does not support the findings of dependency, and that in that respect there was a total lack of evidence in that, at the time of the death of the employee, his minor child was, by interlocutory decree of divorce, awarded solely to the custody of his mother, and that, at the time of the death of said deceased employee, the minor child had been abandoned by the father and was being solely supported by his other parent. It is further claimed that there existed no agreement whatever subsequent to the divorce by which the deceased employee had agreed to support the minor child. It is also contended by petitioner that the status of the minor child at the time

of the death of the employee was not such as to entitle him to the conclusive presumption of total dependency mentioned in section 14a of the Workmen's Compensation Act (Stats. 1917, p. 844), in force at the time of the death of the employee. That section, so far as pertinent, provides: "(a) The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee; . . . (2) A child or children under the age of eighteen years, or over said age, but physically or mentally incapacitated from earning, upon the parent with whom he or they are living at the time of the injury of such parent or for whose maintenance such parent was legally liable at the time of the injury, there being no surviving dependent parent. (b) In all other cases, questions of entire or partial dependency and questions as to who constitute dependents and the extent of their dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury of the employee."

It is not necessary to pass upon the contention last made by the petitioner. Assuming, but only for the purpose of stating the point, that the status of the minor may not have been such as to entitle him to the benefit of the presumption offered by the statute, a point we do not now decide, the fact of his dependency was clearly and satisfactorily determined in accordance with the facts existing at the time of the injury to the employee.

[1] Petitioner would preclude our inquiry into these matters on the theory that the injured employee was relieved from the duty of supporting his child—a duty which it asserts was cast upon the mother of the claimant by an interlocutory decree of divorce obtained by her in an action against the employee. Passing for the moment the fact that no provision, either for the custody of the minor or for his support, was made in the final decree, we think the situation relied upon by petitioner, if it may be considered at all, only *prima facie* relieved the husband of the duty of supporting his child. (*Matter of McMullin*, 164 Cal. 504, 507 [129 Pac. 773].)

An examination of the facts in an industrial accident case, and an award made under somewhat similar circumstances, was upheld in *Pacific Gold Dredging Co.* v. *Industrial Acc. Com.*, 184 Cal. 462 [13 A. L. R. 725, 194 Pac.

1]. The undisputed facts in that case disclosed that the mother of the minor had procured a decree of divorce from the injured employee, the custody of the minor son being awarded to her. She later placed the boy in an orphanage, and disappeared. Ten years later the boy went to live with his father, who voluntarily resumed his parental relations and obligations and took the boy to live. with him, and assumed the burden of his education and support. The father was accidentally killed, and the Industrial Accident Commission awarded the boy the maximum amount for total dependency. On petition to this court for a writ of review the only points presented were upon the question of the dependency of the minor on his father. It was urged that dependency was not shown, either actual or presumptive. .The court said (page 466) : ''We find no authority for holding that, as between parent and child, the father is absolved from his legal duty to provide support to his minor child who has no other source of maintenance, because, on account of his own fault, he has been deprived of the custody of such child. Both a legal and moral obligation rests upon a father to support his minor children. And while, as between himself and third parties, that obligation may be shifted in proceedings of divorce or guardianship, and he may by misconduct forfeit his right to the custody of his child, it may be doubted if by such proceedings, to which he is not a party, a minor can be deprived of his natural right to turn to his father for maintenance, if the substituted source of supply fails. It has been held that such right to look to a father for maintenance cannot be taken from the infant by contract between the parents (*Fernandez* v. *Aburrea*, 42 Cal. App. 131 [183 Pac. 366]), and it certainly would be a reproach upon the law if a father, by his own misconduct making him an unfit custodian of the child, could absolve himself from legal responsibility for its support. He, at least, may voluntarily resume his legal responsibility.

''Conceding, in this case, that the minor was not a dependent upon his father during the period he remained in the custody of his mother, there was nothing in the legal status of the parties at the time Kenneth joined his father in California to prevent the latter from voluntarily resuming responsibility for his son's support.''

The record in this proceeding discloses that the parents were divorced when the child was between three and four years of age. There was no personal service on the father, summons being served by publication. By the terms of the interlocutory decree the custody and control of the minor was awarded to the mother, the plaintiff in the action, without any provision being made for the support of either the mother or the child. The final decree is entirely silent as to all such matters, it merely adjudging a dissolution of the marriage between plaintiff and defendant. [2] There is, therefore, nothing in the divorce proceedings which changes the legal status of dependency of the minor child in this proceeding. [3] It is now firmly established that under divorce proceedings in this state an interlocutory judgment is, by the terms of the statute, provisional and temporary only. It is conclusive between the parties to the divorce action only during the period elapsing before the final judgment, unless by some court proceeding or agreement between the parties it be in some manner modified. (*London Guarantee & Acc. Co.* v. *Industrial Acc. Com.*, 181 Cal. 460, 463–466 [184 Pac. 864].)

[4] Aside from these considerations, the unrefuted evidence in the record as to the decedent's attitude and conduct toward the minor applicant, at and immediately prior to his injury, demonstrates that he recognized and was, to the best of his ability under the circumstances, discharging his parental duties and obligations, and was supporting him. The evidence as clearly establishes that this arrangement was brought about through a voluntary agreement executed by the decedent, and consented to by the mother of the boy, shortly before the injury occurred. By the terms of that contract the decedent gave the mother the sum of fifty dollars, which one witness designated as "back support." He agreed also to pay her the sum of twenty dollars on the next weekly pay-day, and that every week he would make other payments "enough to support him well. He said he would support him the best way he could." The father thereupon took the boy with him, bought him clothing, and made arrangements with his own brother and the latter's wife, with whom he was living, for having the child in his company over week-ends and at other times. The boy's eyes were crossed, and in anticipation of sending him to school the

father engaged the services of a doctor for the performance of an operation necessary to correct the fault, at an agreed cost of fifty dollars. The mother was at that time supporting herself and the child by working in a store. It does not appear from the record what were her earnings at that time, or whether they were sufficient to adequately support the child and herself. It is very evident from the record, however, that she was very willing to accept the offer made by the father, and entered readily into the arrangement. From these facts and from others appearing in the record it at once appears that the commissioners were justified in holding that the father had voluntarily resumed his parental relations and obligations, had taken the boy to live with him for a part of the time, and had assumed the burden of his maintenance, education, and support. This being the fact, the relations of parent and child had been restored. The condition of dependency existed at the time of the father's death, as though it had never been disturbed. (*Pacific Gold Dredging Co.* v. *Industrial Acc. Com.*, 184 Cal. 467 [13 A. L. R. 725, 194 Pac. 1].) Although this arrangement was completed but a short time before the injury and death of the father occurred, nevertheless the resumption of the parental relation with the boy by him had become an accomplished fact and existed at the time of the injury.

The award is affirmed.

Lawlor, J., Lennon, J., Kerrigan, J., Seawell, J., Myers, J., and Wilbur, C. J., concurred.