[Civ. No. 6940.   First Appellate District, Division Two.—September 7, 1929.]

In the Matter of the Guardianship of the Persons and Estates of ELLA KECK, GEORGE O. KECK and JOHN A. KECK, Minors. ARTHUR W. KECK, Respondent, v. LIZZIE B. KECK, Appellant.

James P. Sweeney for Appellant.

Farnsworth, Burke & Maddox for Respondent.

KOFORD, P. J.—This is an appeal from an order settling final accounts of guardian and disallowing certain items of account.

Appellant Lizzie B. Keck, the mother of the above-named minors, was the legally appointed guardian of their persons and estates from January 8, 1923, to January 15, 1927. On the last-named date she was by order of the court removed as such guardian and her husband appointed in her place.

She filed final accounts of her guardianship of the estate of each minor, and in each of said accounts credited herself with $1650, being $60 per month maintenance for each minor for twenty-seven and one-half months. By an amendment to said accounts she also sought credit for $288 for the purchase of a motorcycle for George and John which she purchased subsequent to the court's order removing her as guardian. The amounts claimed by the appellant for maintenance of the minors were not actually withdrawn from the bank until after notice received of her removal.

The evidence received upon the hearing of the accounts and the objections thereto shows that during this period of four years the appellant received directly and indirectly, from the father of said minors, funds aggregating over $20,355.56 which were available for the support of herself and the said minors. No showing was made that this sum was not adequate to maintain the family in the manner in which they had been accustomed or that the father was unable to furnish a greater amount if necessary. The capital of each minor, according to the accounts, amounted to $2,546.12.

■ Parents are primarily liable for the support of their children (Civ. Code, sec. 196), and the estates of the children may not be resorted to for that purpose so long as the parents are able adequately to perform this duty (Code Civ. Proc., sec. 1757). The items of $1650 were, therefore, properly disallowed.

No showing was made as to the necessity of purchasing the motorcycle, and appellant makes no argument against that part of the order disallowing it.

The order is affirmed.

Sturtevant, J., and Nourse, J., concurred.