FIREMAN'S FUND INDEMNITY COMPANY, Petitioner;
v. INDUSTRIAL ACCIDENT COMMISSION and
BETTY LOUISE GRAVES, a Minor, etc., Respondents.

Leonard & Hanna and Edmund P. Leonard for Petitioner.

Everett A. Corten and Dan Murphy, Jr., for Respondent.

EDMONDS, J.—By writ of review, the insurance carrier of Permanente Metals Corporation, the employer of Mary I. Graves at the time she sustained fatal injuries arising out of and occurring in the course of that employment, has attacked the award of a death benefit made to the woman's minor child. The facts are undisputed and the question for decision concerns the statute which was construed and applied in *Douglas Aircraft Company, Inc.* v. *Industrial Acc. Com., ante,* p. 340 [149 P.2d 702].

At the time of her death, Mrs. Graves and her husband were both employed at the same shipyard. Betty Louise Graves, about ten years old, is their minor child. The parents pooled their wages and from the total amount received by them paid the family's living expenses. Upon the application of the husband and child for a death benefit, the commission found that "by presumption" the child survives her mother as a total dependent and that "there was no surviving dependent parent." An award of a death benefit of $6,000 was made to the child and an additional amount was allowed to the husband for burial expenses.

The insurance carrier charges that the commission in making the award has acted without and in excess of its power; that the findings and award are unreasonable; and that the findings of fact do not support the award. Other grounds stated by the petitioner are that "unless the award is an-

nulled, your petitioner will be deprived of its property without due process of law in violation of Section 21 of Article XX, and of Section 13 of Article I of the Constitution of the State of California, and in violation of Section 1 of Article XIV of the Amendments to the Constitution of the United States of America.'' The commission, in support of its ruling declares that by the express terms of section 3501 of the Labor Code, a child under the age of eighteen years is conclusively presumed to have been wholly dependent upon a parent, male or female, with whom he is living at the time of a fatal industrial accident and that Graves is not a ''surviving dependent parent'' within the meaning of that statute.

The constitutional points presented by the petitioner are not supported by either argument or citation of authority. As to the construction of the statute, it argues that under circumstances such as those shown in the present case, a child may only be found to be partially dependent upon the mother. The decision in the Douglas Aircraft Company case is to the contrary and compels a determination accordingly.

The award is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., Traynor, J., and Schauer, J., concurred.