[Civ. No. 15830. Second Dist., Div. Three. Dec. 4, 1947.]

HELEN A. DICKENS, Respondent, v. ALVIN T. DICKENS, Appellant.

D. Chase Rich for Appellant.

Gerald Willis Myers for Respondent.

WOOD, J.—Appeal by defendant from an order modifying an order for support of child. In May, 1937, plaintiff

and defendant, who were then wife and husband, entered into a written agreement entitled "Property Settlement Agreement," which provided among other things that the minor child of the parties should reside with the plaintiff and that the defendant should pay to plaintiff for the support of the child the sum of $25 per month until the child, then aged about 4 years, should reach her majority; and it was further provided therein that the agreement might be made a part of an interlocutory decree and a final decree of divorce entered in any divorce proceedings between the parties. In June, 1937, plaintiff obtained an interlocutory decree of divorce which approved the property settlement agreement, and ordered that the minor child should reside with plaintiff and that defendant should pay to plaintiff for the support of the child the sum of $25 per month pending the further order of the court. In September, 1938, a final decree of divorce was entered which stated that the provision in the interlocutory decree concerning custody and support of the child should be binding on the parties, the same as if it were set forth in full in the final decree. Plaintiff remarried, and two children were the issue of that marriage. Defendant also remarried, and two children were the issue of that marriage.

In September, 1946, plaintiff filed an "Affidavit for Order to Show Cause in re Modification of Order of support of minor child," in which she requested the court to modify the original order by directing the defendant to pay $75 per month for the support of the child; and in which she stated that since said order was made the conditions and circumstances surrounding the parties had materially changed, in that, the original "order was made in 1937 at a time when said minor child was about 4 yrs. old and the defendant was earning about $180.00 per month. That said child is now about 13 yrs. of age, and in Junior High School and the expense of her clothes, and food and incidentals has materially increased. The defendant is now employed with the General Petroleum Corp., earning in excess of $300.00 per month. That the cost of said minor child for the past year has been approximately $700.00." Upon hearing the order to show cause, regarding such modification, the court modified the original order for support of the child by ordering that the defendant pay the sum of $50 per month.

Appellant (defendant) contends that the affidavit of plaintiff was not legally sufficient to entitle her to a hearing for

a modification of the order. He argues that under the provisions of section 196 of the Civil Code, she had the obligation of supporting the minor child if she was financially able to do so, and in order for an affidavit to be sufficient to entitle her to be heard, it should show affirmatively that plaintiff has no resources with which to support the child, and that the child is in need. Said section 196 provides, in part, that the parent entitled to the custody of a child must give him support suitable to his circumstances. ■■ The fact that plaintiff had custody of the child under an agreement with defendant, and also had custody under an order of court, did not relieve the defendant of his obligation to support his child. ■■ The agreement between the parties did not deprive the court of its power to award additional necessary support for the child (*Lewis* v. *Lewis*, 174 Cal. 336, 341 [163 P. 42].). The superior court had continuing jurisdiction to modify its order regarding support of the child, by virtue of section 138 of the Civil Code, and furthermore, the court reserved jurisdiction in its divorce decrees by providing that the amount of $25 per month should be paid pending the further order of the court. In *Metson* v. *Metson*, 56 Cal.App.2d 328 [132 P.2d 513], wherein there was an order to show cause regarding modification of an order for child support, there was no allegation in the petition that the petitioner (the mother) was unable to pay the various bills mentioned in the petition, nor was there any allegation that the amount then being paid by defendant was insufficient to pay those bills, and the court held that the petition was sufficient. In that case the court said, at page 331: ''Although the petition was filed by the respondent as the divorced wife and mother of the children, she appears in a representative capacity on behalf of the children. They are the real parties in interest. Moreover, the State, itself, is a party to this proceeding in the sense that, independent of the rights of the parents, it has an interest in the welfare and maintenance of the children.'' ■■ The allegations which are necessary in such an affidavit, to entitle the affiant or petitioner to a hearing, are ''the needs of the child and the ability of the defendant to pay.'' (See *Metson* v. *Metson, supra,* p. 332.) The affidavit herein was sufficient.

■■ Appellant also contends that the commissioner, to whom the hearing was referred ''for Findings of Fact,'' erred in considering the affidavit of plaintiff (made in support of her allegation for the order to show cause) as her

direct examination. Appellant's counsel states in his brief that the hearing had progressed several minutes before he noticed that a reporter was not present, and that he then made a demand for a reporter, and that after the reporter arrived the attorneys and the commissioner attempted to state for the record all that had happened when the reporter was not present. His counsel also states in his brief that the reporter's transcript incorrectly credits him with "direct examination" of the plaintiff when it should have recited that it was "cross examination"; and that such error was probably due to the fact that the commissioner "had announced that the affidavit filed by plaintiff would be accepted as her 'prima facie case.'" Respondent's counsel states in his brief that a reporter was not requested when the hearing commenced, and that during the time when a reporter was not present the commissioner "asked if the affidavit of the plaintiff and respondent was stipulated as her direct examination which was agreed to by all parties and cross-examination by appellant then followed." The reporter's transcript shows on page 3 (apparently when the attorneys and commissioner were stating for the record what had occurred prior to the arrival of the reporter) as follows: "THE COMMISSIONER: Also further for the record; I am considering the affidavit on modification on the direct examination of the plaintiff. Do you wish to add anything to that, Mr. Myers? MR. MYERS: [attorney for plaintiff]: No, I think that is all. THE COMMISSIONER: Cross-examine, Mr. Rich. And that brings us up to date. MR. RICH: [attorney for defendant]: You might preface this, Mr. Reporter, Mr. Brandt, with the statement that the defendant objected to any hearing on the ground that the affidavit and petition is legally insufficient, not entitling her to a hearing. THE COMMISSIONER: And the Commissioner overruled that objection. I believe that does bring the record up to date." The summary of the proceedings had in the absence of the reporter does not show that the parties stipulated that the affidavit of plaintiff might be considered as the evidence of plaintiff on direct examination, and it does not show that appellant's counsel objected to the affidavit being considered as such evidence on direct examination. Counsel for appellant does not deny, in his brief or at all, the statement of counsel for respondent that it was stipulated during the absence of the reporter that the affidavit of plaintiff might be considered as her direct exami-

nation. It appearing that appellant did not object to such consideration of the affidavit when the commissioner announced that he was so considering it, and it appearing that he did not object to it at all, and it also appearing that appellant had the opportunity to cross-examine the plaintiff as to the allegations of her affidavit, and that he did cross-examine her, he is not in a position on this appeal to urge that such consideration of the affidavit was error. The commissioner did not err in considering the affidavit as evidence of plaintiff given on direct examination.

Appellant also contends that the evidence was insufficient to support the order of modification. Plaintiff testified that the child is 13 years of age; that the child lives with her mother (plaintiff), stepfather, and two half sisters; that the living expenses for the family, including rent, food, and public utilities, amount to $185 per month. Defendant testified that his salary was $300 per month, and that he received $300 as a bonus at Christmas; that his net income per month, after deducting taxes, was $282.20; that he maintained a home for his present wife and their twin daughters, aged 7 years; that his monthly expenses, including those for insurance, physician, dentist, and automobile, amount to $293.82. The amount to be contributed by the father for the support of the child was a question of fact for the determination of the trial court in the exercise of sound discretion, regard being given to the circumstances of the parties and the child; and a reviewing court may not interfere with the action of the trial court, unless, as a matter of law, the trial court has abused that discretion. (*Brockmiller* v. *Brockmiller*, 57 Cal.App.2d 623, 625 [135 P.2d 184].)

The matter of credibility of witnesses was, of course, a matter to be decided by the trial court. It cannot be said that the trial court abused its discretion. The evidence was sufficient to support the order.

Appellant asserts further that the commissioner erred in sustaining objections to two questions he asked the plaintiff, and that he erred in rejecting two offers of proof. Counsel for appellant asked plaintiff how much money she had in a joint savings account with her present husband. He also asked her how much her present husband earned per month. Objections to those questions, upon the grounds that they were immaterial and irrelevant, were sustained. Counsel for appellant then offered to prove that plaintiff had approxi-

mately $10,000 in such joint account and offered to prove that her present husband earned in excess of $400 per month. The rulings of the court were correct. The present husband was under no obligation to support the child of appellant and respondent.

The order modifying the order for support of the child is affirmed.

Shinn, Acting P. J., and Vallée, J. pro tem., concurred.