[Civ. No. 8184. Fourth Dist., Div. One. Sept. 29, 1966.]

DAVID W. SMITH et al., Petitioners, v. WORKMEN'S COMPENSATION APPEALS BOARD, HAROLD EUGENE SNOOK et al., Respondents.

Arnold S. Petersen for Petitioners.

Everett A. Corten, Edward A. Sarkisian, Romaine E. Harper and Donald C. Lieb for Respondents.

COUGHLIN, J.—Petitioners seek annulment of a workmen's compensation award in favor of four minor children on account of the industrially caused death of their mother. The award was made by the Industrial Accident Commission, now known as the Workmen's Compensation Appeals Board, which will be referred to herein as the Commission. The issue is whether at the time of injury resulting in death the children

were totally dependent upon their mother within the meaning of the workmen's compensation statute.

The mother and father were divorced. Custody of the minor children was awarded the latter with the right of reasonable visitation granted the former. The custody order made no provision for support. The children lived with their father, but from time to time stayed with their mother overnight or longer.

The referee hearing the matter found the children were supported in part by their father and in part by their mother; the latter contributed $3,600 annually toward their support; and, for this reason, they were partially dependent upon her. The surviving father was not dependent upon the mother.

The evidence, under the elementary rule on review requiring acceptance of that version thereof which supports the award (*Douglas Aircraft, Inc.* v. *Industrial Acc. Com.*, 47 Cal.2d 903, 905 [306 P.2d 425]), justifies the conclusion that while the mother and father were living together the mother's income was used in part to maintain the children; the father, after separation, was able to provide them with the necessities of life, but was not able to maintain them in that standard of living to which they had been accustomed prior to separation; the mother's contribution to their support after separation maintained them in that standard; and the amount of that contribution was as found by the referee.

Upon petition for reconsideration, the Commission, relying on the conclusive presumption prescribed by Labor Code, section 3501, subdivision (b), found the children were totally dependent upon the mother, and made an award accordingly.

Pertinent provisions of Labor Code, section 3501, subdivision (b) declare: "The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee: . . . (b) A child under the age of eighteen years . . . , upon the parent with whom he is living at the time of the injury of the parent or for whose maintenance the parent was legally liable at the time of injury, there being no surviving dependent parent."

By express terms of this statute, the conclusive presumption applies to children of a mother who died as a result of an industrial injury if they were living with her at the time of the injury, or if she was legally liable for their support at that time, providing their surviving father was not dependent upon their mother. (*Douglas Aircraft Co.* v. *Industrial Acc. Com.*, 24 Cal.2d 340, 343 [149 P.2d 702].)

██ The primary issue in the case is whether the evidence supports the conclusion, implied in the Commission's finding of total dependency,[1] that the mother of the children was legally liable for their support at the time of the injury resulting in her death. We conclude it does.

██ Evidence establishing facts to which the conclusive presumption of total dependency attaches as a matter of law need not show actual dependency, either total or partial, as a matter of fact. (*Fireman's Fund Indem. Co. v. Industrial Acc. Com.*, 24 Cal.2d 942 [149 P.2d 705]; *Douglas Aircraft Co. v. Industrial Acc. Com., supra,* 24 Cal.2d 340; *Federal Mut. Liab. Ins. Co. v. Industrial Acc. Com.*, 195 Cal. 283, 289 [233 P. 335].)[2]

In substance, Labor Code, section 3501, subdivision (b), prescribes a definition of total dependency for workmen's compensation purposes in addition to and wholly independent of the definition of total dependency used in determining its actual existence as a matter of fact. Stated otherwise, an award of compensation under the statute on account of the death of an employee is made to a child as a total dependent when the facts giving rise to the presumption exist, regardless of actual dependency. ██ A review of the sufficiency of the evidence to support a finding of total dependency based upon the presumption is restricted to a consideration of the sufficiency of the evidence to support a finding of facts giving rise to the presumption. Thus, granted the existence of such facts, application of the presumption is not precluded by a showing the child actually did not receive any support from the deceased parent (*Douglas Aircraft Co. v. Industrial Acc. Com., supra,* 24 Cal.2d 340, 343); received only a portion of his required support from that parent (*Federal Mut. Liab. Ins. Co. v. Industrial Acc. Com., supra,* 195 Cal. 283, 289); was not entitled to receive any support from the deceased parent (*Douglas Aircraft Co. v. Industrial Acc. Com., supra,* 24 Cal.2d 340, 343); received partial support from the surviving parent (*Douglas Aircraft Co. v. Industrial Acc. Com., supra,* 24 Cal.2d 340,

[1] A finding upon an ultimate fact implies a finding of every supportive intermediate or probative fact supported by the evidence, including inferences. (*Consolidated Steel Corp. v. Industrial Acc. Com.*, 6 Cal.2d 368, 369 [57 P.2d 919]; *Bailey v. Department of Alcoholic Beverage Control*, 201 Cal.App.2d 348, 351 [20 Cal.Rptr. 264]; *Fries v. Anderson, Clayton & Co.*, 190 Cal.App.2d 667, 681 [12 Cal.Rptr. 336].)

[2] Also of note is the rule that a showing of legal liability to support is not prerequisite to an award of compensation benefits to a dependent in fact. (*Federal Mut. Liab. Ins. Co. v. Industrial Acc. Com.*, 187 Cal. 469, 476 [202 P. 664].)

341; *Federal Mut. Liab. Ins. Co.* v. *Industrial Acc. Com., supra,* 195 Cal. 283, 290) ; was supported entirely by the surviving parent or another (*Southern Cal. Edison Co.* v. *Industrial Acc. Com.,* 92 Cal.App. 355, 359 [268 P. 415]) ; was legally dependent for his entire support upon the surviving parent or another (*Douglas Aircraft Co.* v. *Industrial Acc. Com., supra,* 24 Cal.2d 340, 343; *Southern Cal. Edison Co.* v. *Industrial Acc. Com., supra,* 92 Cal.App. 355, 359) ; or partially supported himself. (*Pacific Gold Dredging Co.* v. *Industrial Acc. Com.,* 184 Cal. 462, 467-468 [194 P. 1, 13 A.L.R. 725].)

In the case at bench the Commission awarded compensation pursuant to Labor Code, section 3501, subdivision (b) under an implied finding that the deceased employee, at the time of the injury, was "legally liable" to maintain her children whose custody had been awarded to their father and were supported in part by him.

The duty of parents to support their children is prescribed statutorily by a number of sections in the Civil Code.

In 1955 California adopted the Uniform Civil Liability for Support Act which provides:

(1) "Every man shall support his wife, and his child; and his parent when in need" (Civ. Code, § 242) ;

(2) "Every woman shall support her child; and her husband and her parent when in need" (Civ. Code, § 243) ;

(3) A child "means a son or daughter under the age of 21 years" (Civ. Code, § 241, subd. (d)) ;

(4) The duties thus imposed are "subject to" the provisions of sections 196, 206 and, respectively, 175 and 176 of the Civil Code (Civ. Code, §§ 242, 243) ; and

(5) The child may enforce his "right to support" against the parent by action in the superior court. (Civ. Code, § 248.)

The act further provides: "The rights herein created are in addition to and not in substitution for any other rights." (Civ. Code, § 251.)

Prior to adoption of the Uniform Civil Liability for Support Act, the courts of this state held it was the duty of both the father and mother to support their children (*White* v. *White,* 71 Cal.App.2d 390, 391 [163 P.2d 89] ; *In re Carboni,* 46 Cal.App.2d 605, 613 [116 P.2d 453] ; *In re Keck,* 100 Cal. App. 513, 514 [280 P. 387]) ; the duty of the father was primary (*Newell* v. *Newell,* 146 Cal.App.2d 166, 178 [303 P.2d 839] ; *Metson* v. *Metson,* 56 Cal.App.2d 328, 333 [132 P.2d 513] ; *Fagan* v. *Fagan,* 43 Cal.App.2d 189, 198 [110 P.2d

520]); and the duty of the mother was secondary. (*Fox* v. *Industrial Acc. Com.*, 194 Cal. 173, 178 [228 P. 38].)

In 1951, by statute, a child was given the right to maintain an action "against the mother or father, or both," to enforce their duty to provide for his support. (Civ. Code, § 137.1.)

█ The duty of a parent to support a child is not limited to furnishing the necessities of life but includes also maintenance in accord with the latter's station in life and customary mode of living. (*Bailey* v. *Superior Court*, 215 Cal. 548, 555 [11 P.2d 865]; *Newell* v. *Newell, supra,* 146 Cal.App.2d 166, 178; *Wong* v. *Young,* 80 Cal.App.2d 391, 395 [181 P.2d 741].) A similarly stated rule applies to the determination of the issue of dependency as a matter of fact in workmen's compensation cases. (*Larsen* v. *Industrial Acc. Com.*, 34 Cal.2d 772, 774 [215 P.2d 16]; *London Guar. & Acc. Co.* v. *Industrial Acc. Com.*, 203 Cal. 12, 16 [263 P. 196]; *London Guar. etc. Co.* v. *Industrial Acc. Com.*, 57 Cal.App.2d 616, 619 [135 P.2d 7].)

Confusion respecting the mutuality of parental duty to support a child came about in cases where custody had been awarded to one parent with no provision for support by the other, or with a provision limiting the extent of such support. (Gen. see *Federal Mut. Liab. Ins. Co.* v. *Industrial Acc. Com., supra,* 195 Cal. 283, 286; *Llewellyn Iron Works* v. *Industrial Acc. Com.*, 191 Cal. 28, 30 [214 P. 846]; *Svoboda* v. *Superior Court,* 190 Cal. 727, 728-729 [214 P. 440]; *Pacific Gold Dredging Co.* v. *Industrial Acc. Com., supra,* 184 Cal. 462, 464-465; *R. Sherer & Co.* v. *Industrial Acc. Com.,* 182 Cal. 488, 490 [188 P. 798]; *Lewis* v. *Lewis,* 174 Cal. 336 [163 P. 42]; *Matter of McMullin,* 164 Cal. 504 [129 P. 773]; *Davies* v. *Fisher,* 34 Cal.App. 137 [166 P. 833].) █ However, it now is settled that where custody of a child is awarded to one parent the duty to support may be shifted or modified as between each of the parents, but not as between each parent and the child. (*Federal Mut. Liab. Ins. Co.* v. *Industrial Acc. Com., supra,* 195 Cal. 283, 287; *Pacific Gold Dredging Co.* v. *Industrial Acc. Com., supra,* 184 Cal. 462, 466; *Estate of Goulart,* 218 Cal.App.2d 260, 263 [32 Cal.Rptr. 229, 6 A.L.R.3d 1380]; *Watkins* v. *Clemmer,* 129 Cal.App. 567, 576 [19 P.2d 303]; *Southern Cal. Edison Co.* v. *Industrial Acc. Com., supra,* 92 Cal.App. 355, 358; see also *Svoboda* v. *Superior Court, supra,* 190 Cal. 727, 728.)

One source of confusion was Civil Code, section 196, which provides: "The parent entitled to the custody of a child must

give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability.''

The rights and obligations defined in this code section are subject to the limitations contained in Civil Code, sections 137.2 and 139 authorizing the court, in custody proceedings, to order either parent to support the child. Where custody of a child is awarded to the mother, the effect of section 196, as between the parents, absent any decree of court directing otherwise, is to shift the primary duty to support from the father to the mother, but as between the father and the child it does not absolve the former from the duty to support the latter. (*Federal Mut. Liab. Ins. Co.* v. *Industrial Acc. Com., supra,* 195 Cal. 283, 289; *Pacific Gold Dredging Co.* v. *Industrial Acc. Com., supra,* 184 Cal. 462, 465; *Watkins* v. *Clemmer, supra,* 129 Cal.App. 567, 576, 577; *Southern Cal. Edison Co.* v. *Industrial Acc. Com., supra,* 92 Cal.App. 355, 358.) Where, under similar circumstances, custody is given the father, as between the father and mother the duty of the former to support continues to be primary and that of the latter continues to be secondary. In either event, however, as between the parents and the child neither of the former is absolved of the duty to support the latter. (*Ibid.*)

In 1924, which was prior to adoption of the Uniform Civil Liability for Support Act and of Civil Code, section 137.1, our Supreme Court, in *Fox* v. *Industrial Acc. Com.,* 194 Cal. 173 [228 P. 38], held the total dependency presumption provisions of the workmen's compensation statutes did not authorize a total dependency award to the children of an employed mother who had sustained industrial injury resulting in death where the mother and father were living together; both were employed, and their joint earnings were placed in a bank account in the father's name; the children did not live with them, but received the sum of $35 per month from their joint earnings; and there was no showing that any part of this sum actually came from the mother's earnings, or that the father was unable to pay the whole thereof from his earnings. The children urged application of the conclusive presumption upon the ground their mother was legally liable for their support. In response to this contention the court said: ''It will serve no purpose to further discuss this point, since neither by the statute law of this state nor by voluntary contribution to the support of the minor children did the deceased parent become

legally liable for their maintenance, and such being the fact the conclusive presumption of total dependency does not apply as to her." (*Fox* v. *Industrial Acc. Com., supra,* 194 Cal. 173, 181.)

This decision supports the position that the secondary duty of a mother to support her child *per se* is not the legal liability to support authorizing invocation of the total dependency presumption. On the other hand, the presumption has been applied in favor of a child of a deceased father whose duty to support was secondary, because custody of the child had been awarded the mother, where the father actually had been partially supporting or had been ordered to partially support the child. (*Federal Mut. Liab. Ins. Co.* v. *Industrial Acc. Com., supra,* 195 Cal. 283; *Pacific Gold Dredging Co.* v. *Industrial Acc. Com., supra,* 184 Cal. 462.)

The total dependency presumption of Labor Code, section 3501, subdivision (b), by necessary inference from its express provisions, does not apply to every child of an employed mother. If the intention of the section were otherwise, it would be accomplished simply by applying the presumption to a surviving child of the deceased employee in every instance where there was "no surviving dependent parent," and eliminating the provisions limiting its application to a child who was living with the deceased parent or for whose maintenance the deceased parent was legally liable at time of injury. ▆ A statute should be construed so as to give effect to all of its parts. (Code Civ. Proc., § 1858; *Weber* v. *County of Santa Barbara,* 15 Cal.2d 82, 86 [98 P.2d 492].) ▆ All parts of section 3501, subdivision (b), would be given effect by accepting a construction of the provision applying the presumption in favor of a child "for whose maintenance the parent was legally liable at the time of injury" which differentiates between the legal duty of a parent to support the child and the current legal liability under that duty to support the child. Although the duty to support is constant, liability thereunder exists only when the obligee is in need of support and the obligor is able to support. (Gen. see *Bernard* v. *Bernard,* 79 Cal.App.2d 353, 359 [179 P.2d 625]; *Metson* v. *Metson, supra,* 56 Cal.App.2d 328, 332.) Nonfulfillment of a primary duty constitutes the need activating its secondary counterpart.

▆ In the case at bench the evidence supports the conclusion that the secondary duty of the mother to support her children was activated by their need for support in addition to

that which their father was able to provide to maintain them in the mode of living to which they were accustomed; their mother was able to provide that additional support; and by virtue of these circumstances the mother was legally liable for the support of her children at the time of injury causing death.

No doubt about the mother's legal liability would exist if, in the custody proceedings, pursuant to the provisions of Civil Code, sections 139 and 196, the court had ordered her to pay a designated amount toward the support of her children. The fact she honored her legal obligation voluntarily, rather than requiring its enforcement by court order, does not contradict its existence. (See *Llewellyn Iron Works* v. *Industrial Acc. Com., supra,* 191 Cal. 28, 32-33; *Pacific Gold Dredging Co.* v. *Industrial Acc. Com., supra,* 184 Cal. 462, 464, 467, 468.)

Similarly, the fact the father of the children was contributing to their support and the legal liability of the mother was for partial rather than total support, does not foreclose application of the total dependency presumption. (*Federal Mut. Liab. Ins. Co.* v. *Industrial Acc. Com., supra,* 195 Cal. 283, 290.) This conclusion conforms to the "social policy" expressed by the provision of Labor Code, section 3501, subdivision (b), directing application of the total dependency presumption in favor of a child on account of the death of his employed mother, even though at time of injury causing death he was living with and supported by his surviving father. (*Douglas Aircraft Co.* v. *Industrial Acc. Com., supra,* 24 Cal. 2d 340, 341; *Fireman's Fund Indem. Co.* v. *Industrial Acc. Com., supra,* 24 Cal.2d 942.)

It is of no concern to a determination of the issue in this case whether the legal liability of the mother was predicated upon her specific duty to support prescribed by Civil Code, section 196; her general secondary duty under other statutes, the enforcement of which is authorized by Civil Code, section 137.1; or her additional duty under the Uniform Civil Liability for Support Act, which, by the terms thereof, is subject to the provisions of Civil Code, section 196. In either event, an enforceable obligation to support existed at the time of injury resulting in death and this fact authorized application of the total dependency presumption.

The award is affirmed.

Brown, P. J., concurred.

WHELAN, J.—I dissent.

Section 3501, subdivision (b) of the Labor Code makes a distinction between a parent who at the time of fatal injury "was legally liable" for the maintenance of a child under the age of 18 years, and a parent not so liable.

The respondent Commission denies such distinction in granting a petition for reconsideration of a referee's award based upon a finding of partial dependency. In making its award based upon a finding of total dependency, the Commission stated: "Labor Code Section 3501 (b) does not require that liability for support be primary; it merely requires legal liability.

"Both parents have a duty to support their minor children regardless of which one has custody under a divorce decree."

If the award finds its only justification in the quoted language of the Commission, it has its theoretical base in the postulate that each parent of a child under 18 years of age is "the parent . . . legally liable" for the maintenance of such child within the meaning of Labor Code, section 3501, subdivision (b). I recognize that if the award may find legal support in some other theory, it will not be set aside because the Commission may have put forth a faulty explanation for a sound conclusion.

The evidence is clear that the four children of the deceased mother were not totally dependent upon her in fact[1] and that none of the children was living with the deceased mother at the time of the injury. The finding of total dependency therefore can be based only upon that part of section 3501, subdivi-

---

[1]The mother died July 9, 1964. She had been in her then employment for two years. The father of the children sought and obtained by default an interlocutory decree of divorce from the mother on June 4, 1963, and applied for and obtained a final judgment which was entered on June 10, 1964. The interlocutory decree awarded custody of the children to the father; the final judgment confirmed the award of custody. No express provision for support of the children was made. The father and four children lived together in a house. On weekends the mother usually had two of the children overnight in her one-bedroom apartment. There were two boys and two girls; she had the girls more often than the boys, and never all four at the same time. The mother made them gifts of shoes and other clothing, which, with the exception of some clothing given the girls, was bought new for the children. She bought toys for them, took them to places of entertainment, and furnished their meals during their visits with her. Of the estimated value of the gifts made, over 81 percent went to the girls, less than 19 percent to the boys. The father never asked the mother for assistance in supporting the children and did not directly receive any. He had been able to and did provide the basic necessary things for the children, but not all of the things that they were used to having as a result of the mother's gifts.

sion (b) that declares a presumption of total dependency when the deceased parent "was legally liable" for maintenance.

The applicability of that presumption, under the factual situation here involved, must depend upon one of the following propositions: (A) Every mother of a minor child is at all times and in all circumstances the parent "legally liable" for the maintenance of such child within the meaning of section 3501, subdivision (b); or (B) a mother not otherwise legally liable for the support of her minor child becomes so liable by making gifts to the child if the responsible father considers himself unable financially to make such gifts.

### PROPOSITION (A) CONSIDERED

This proposition is false unless the obligation of a mother to support her minor child is equal and coextensive with the father's obligation.

*Fox* v. *Industrial Acc. Com.*, 194 Cal. 173 [228 P. 38], held squarely that the mother of children under the age of 18 years was not legally liable for their support, although she was entitled to their custody equally with their surviving nondependent father with whom she had been living. The court said, at page 182: "It having been held that the deceased parent was not legally liable for the maintenance of the minors, within the meaning of section 14 (a) (2), it is clear that the conclusive presumption of total dependency does not apply."[2]

In other cases, the Supreme Court has failed to find that an employed mother was legally liable for support of her children living with her and their surviving nondependent father, although the mother's earnings were pooled with those of her husband for the support of the family because the father's salary was insufficient. (*Douglas Aircraft Co.* v. *Industrial Acc. Com.*, 24 Cal.2d 340 [149 P.2d 702]; *Fireman's Fund Indem. Co.* v. *Industrial Acc. Com.*, 24 Cal.2d 942 [149 P.2d 705].) In *Douglas*, the court said, at page 343: "Whether or not she was liable for their support is of no consequence; the Legislature has stated that the conclusive presumption applies under either of the conditions mentioned."

---

[2]It may be assumed that in *Fox* v. *Industrial Acc. Com.*, 194 Cal. 173 [228 P. 38], the court believed that the presumption did not arise unless the mother were not only legally liable for their maintenance, but that they be living with her. The court did not decide whether the children who had been at school in Japan for several years were living with the parents, basing its decision solely on the ground that the mother was not legally liable for support within the meaning of the section.

The father has heretofore always had the primary duty to furnish support. (*Newell* v. *Newell* (1956), 146 Cal.App.2d 166, 178 [303 P.2d 839].)

His duty is measured by the scope of the penal statute imposing sanctions for its violation. ''Since the recasting of section 270 of the Penal Code by the act of 1923 (Stats. 1923, p. 592), the failure of a father to provide necessary support and maintenance for his minor child has been a criminal offense. This is true regardless of agreements, property settlements, decree of divorce or decrees respecting custody or maintenance of the minor, affecting the husband and wife. All doubt or confusion on this subject has also been settled by recent decisions of this court. (*Federal Mut. etc. Co.* v. *Industrial Acc. Com.*, 195 Cal. 283 [233 P. 335]; *Southern Cal. Edison Co.* v. *Industrial Acc. Com.*,- 92 Cal.App. 355 [268 P. 415].)'' (*Dixon* v. *Dixon* (1932), 216 Cal. 440, 442 [14 P.2d 497].)[3]

The father's obligation is: '' '. . . unaffected by either the interlocutory or final decree and may be enforced by a proper proceeding.' (*Bernard* v. *Bernard* (1947) 79 Cal.App.2d 353, 358 [179 P.2d 625].) That the children are in the custody of the mother under court order does not relieve the father of the support obligation, even though section 196, Civil Code, provides, in part, that the parent entitled to the custody of a

[3]A father's legal liability to support his minor child is unaffected by an award of custody to the mother without provision for support whether made by a foreign court (*Pacific Gold Dredging Co.* v. *Industrial Acc. Com.*, 184 Cal. 462 [194 P. 1, 13 A.L.R. 725]; *Southern Cal. Edison Co.* v. *Industrial Acc. Com.*, 92 Cal.App. 355 [268 P. 415]) or by a California court (*Llewellyn Iron Works* v. *Industrial Acc. Com.*, 191 Cal. 28 [214 P. 846]); that award of custody to the mother ordered the father to pay support whether by a foreign court (*Federal Mut. Liab. Ins. Co.* v. *Industrial Acc. Com.*, 195 Cal. 283 [233 P. 335]) or a California court; (*Sherer & Co.* v. *Industrial Acc. Com.*, 182 Cal. 488 [188 P. 798]); that a 17-year-old son was in military service at the time of the death of his father (*Argonaut Ins. Exchange* v. *Kates*, 137 Cal.App.2d 158 [289 P.2d 801]); that a 17-year-old son was self-supporting in fact (*Pacific Employers Ins. Co.* v. *Industrial Acc. Com.*, 81 Cal.App.2d 37 [183 P.2d 344]). Although certain decisions mention that a father has voluntarily commenced or resumed furnishing whole or partial support of a child, which seemed to play a part in the court's conclusion that the father was legally liable for the child's maintenance so as to give rise to the conclusive presumption under section 3501, subdivision (b) (*Pacific Gold Dredging Co.* v. *Industrial Acc. Com.*, 184 Cal. 462; *Federal Mut. Liab. Ins. Co.* v. *Industrial Acc. Com.*, supra, 195 Cal. 283; *Llewellyn Iron Works* v. *Industrial Acc. Com.*, supra, 191 Cal. 28), *Dixon* v. *Dixon*, supra, 216 Cal. 440, 442, finds the rationale of such decisions to be the father's immutable legal liability to support his child.

The father's obligation continues even though he has not honored it. (*Argonaut Ins. Exchange* v. *Kates*, 137 Cal.App.2d 158 [289 P.2d 801]; *Pacific Employers Ins. Co.* v. *Industrial Acc. Com.*, 81 Cal.App.2d 37 [183 P.2d 344].)

child must give him support and education suitable to his circumstances. (*Dickens* v. *Dickens* (1947) 82 Cal.App.2d 717 [187 P.2d 91].)'' (*Estate of Goulart,* 218 Cal.App.2d 260, 263 [32 Cal.Rptr. 229, 6 A.L.R.3d 1380].)

The view that every mother is legally liable for the maintenance of her children within the meaning of section 3501, Labor Code, makes meaningless much of the language of subdivision (b). If that had been the intention of the Legislature, it being clear that every father is legally liable for the support of his child within the meaning of the statute, all that the Legislature need say would be: ''The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee: . . . (b) A child under the age of 18 years if the child had no surviving parent dependent upon the deceased employee.''

It is argued, however, that the adoption of section 243 of the Civil Code in 1955 altered significantly the legal obligation of a mother to support her child. That section provides as follows: ''Every woman shall support her child; and her husband and her parent when in need. The duty imposed by this section shall be subject to the provisions of Sections 176, 196, and 206 of the Civil Code.''

Section 196 referred to in section 243, was enacted in 1872. It is as follows: ''The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability.''

It is also urged that the amendments of section 270 of the Penal Code in 1923 and 1955 made changes that affect the question of the legal liability of a mother of minor children. That section now reads in part: ''In the event that the father of either a legitimate or illegitimate minor child is dead or for any other reason whatsoever fails to furnish the necessary food, clothing, shelter or medical attendance or other remedial care for his minor child, the mother of said child shall become subject to the provisions of this section and be criminally liable for the support of said minor child during the period of failure on the part of the father to the same extent and in the same manner as the father.

''The provisions of this section are applicable whether the parents of such child are married or divorced, and regardless of any decree made in any divorce action relative to alimony or to the support of the child.''

Section 270, Penal Code, was altered in 1955 only by the

insertion of the words "or for any other reason whatsoever" in place of the words "or unable by reason of physical or mental infirmity" in the first of the quoted paragraphs and by conforming the remainder of that paragraph to such alteration.

The 1923 amendment, so far as pertinent here, made it express that the mother's obligation arose only in case of the father's inability to furnish support, which had not been explicit in the original statute.

In adopting section 243, Civil Code, the Legislature must have been aware of the provisions of Labor Code, section 3501, subdivision (b). It is to be assumed that the Legislature was aware also of the holding in *Fox* v. *Industrial Acc. Com., supra,* 194 Cal. 173. (*Williams* v. *Industrial Acc. Com.,* 64 Cal.2d 618, 620 [51 Cal.Rptr. 277, 414 P.2d 405].) Had the Legislature wished to equate the mother's legal liability for support with that of the father under section 3501, subdivision (b), they might have done so, but they did not.

Failure to make changes in a given statute in a particular respect when the subject is before the Legislature and changes are made in other respects is indicative of an intention to leave the law unchanged in that respect. (*Williams* v. *Industrial Acc. Com., supra,* 64 Cal.2d 618, 620.)

Additionally, notwithstanding the adoption in 1955 of section 243, Civil Code, *Newell* v. *Newell, supra,* 146 Cal.App.2d 166, 178, decided in 1956, reiterates the primary nature of the father's obligation to support the children.

It is not reasonable to conclude, therefore, that either the adoption of Civil Code, section 243, or the amendment of Penal Code, section 270, squares the legal liability of a mother for child support with that of the father. The father remains primarily liable for the support of his children.

### PROPOSITION (B) CONSIDERED

The argument in support of Proposition (B) may be encapsulated as follows:

There was a partial dependency as a matter of fact because of the mother's unrequested, unordered and voluntary contributions; such contributions created a need for their continuance that made the support furnished by the father inadequate and brought the case within the proviso of section 196, Civil Code, that "If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability."; the mother, therefore, by making such voluntary contributions,

became a parent legally liable for the maintenance of such children. In this fashion, a partial dependency based upon voluntary contributions is parlayed into a total dependency. I doubt the validity of such an argument and for the following reasons:

In *Fox* v. *Industrial Acc. Com., supra,* 194 Cal. 173, the court declared that the deceased mother did not by voluntary contribution to the support of the minor children become liable for their maintenance; and it remanded the matter to the Commission to make a finding of fact as to the existence and extent of partial dependency.

Dependency, either total or partial, is the test for an award of a death benefit.

Total dependency as a matter of law exists in those cases where a presumption arises under section 3501 that a spouse or child is wholly dependent upon a deceased employee. Both partial dependency and total dependency may exist as a matter of fact.[4]

Dependency may exist in fact without there having been any legal obligation upon the injured person to furnish support to the dependent.[5]

Dependency does not mean absolute dependency for the necessities of life; it is sufficient that contributions of the workman are looked to for support in the maintenance of the dependent's accustomed mode of living. (*London Guar. & Acc. Co.* v. *Industrial Acc. Com.,* 203 Cal. 12 [263 P. 196]; *London Guar. etc. Co.* v. *Industrial Acc. Com.,* 57 Cal.App.2d 616 [135 P.2d 7]; *Larsen* v. *Industrial Acc. Com.,* 34 Cal.2d 772 [215 P.2d 16].)

The fact that the deceased employee has furnished the necessities of life and the person held dependent has supplied only what might be termed luxuries creates a partial, rather than a total, dependency in fact. In such situation it is immaterial

[4]Total dependency in fact of a minor child upon a deceased father was found in a case where the presumption of total dependency was certainly applicable. (*Madera Sugar Pine Co.* v. *Industrial Acc. Com.* (1922) 189 Cal. 350 [208 P. 278].)

[5]The following have been held totally dependent: decedent's sister and nephew (*Peterson* v. *Industrial Acc. Com.,* 188 Cal. 15 [204 P. 390]); child of woman with whom deceased lived in meretricious relationship (*Federal Mut. Liab. Ins. Co.* v. *Industrial Acc. Com.,* 187 Cal. 469 [202 P. 664]; *Moore Shipbuilding Corp.* v. *Industrial Acc. Com.,* 185 Cal. 200, 205 [196 P. 257, 13 A.L.R. 676]). Partial dependency was held to exist in these cases: Grand-niece of deceased employee (*London Guar. etc. Co.* v. *Industrial Acc. Com.,* 57 Cal.App.2d 616 [135 P.2d 7]); children of woman with whom deceased employee lived in meretricious relationship (*Tuttle* v. *Industrial Acc. Com.,* 31 Cal.App.2d 279 [87 P.2d 881]).

that after the death of the deceased the applicant could no longer maintain the same standard of living without assistance. (*London Guar. & Acc. Co.* v. *Industrial Acc. Com.*, *supra*, 57 Cal.App.2d 616, 619.)

A finding of partial dependency may be based upon the furnishing of nonnecessaries, is not necessarily related to any legal liability to support, and does not itself give rise to a legal obligation that does not exist otherwise. It is not logical, therefore, that the presumption of total dependency declared by section 3501, subdivision (b), should arise because of partial dependency in fact based only upon voluntary contributions to children whose father was discharging his legal obligation to support them, who was entitled to their custody and with whom they were living.

### DID AN ENFORCEABLE OBLIGATION EXIST AGAINST THE MOTHER FOR SUPPORT?

It is difficult to see how that might be. Her legal obligation would arise, apart from agreement or court order, when one of the conditions mentioned in section 270, Penal Code, might occur. No such condition had occurred.

An enforceable obligation, if any, under section 196, Civil Code, would come into being under court order.

The divorce court awarded custody of the children to the father upon his complaint. It may be inferred that he did not ask that the defendant mother furnish any support to the children, or, alternatively, that if he had so prayed, the court found against him.

However, the court, having assumed jurisdiction over the custody of the children, had a continuing jurisdiction over such custody under Civil Code, section 138, and a continuing jurisdiction to make an award for child support under section 139, Civil Code. That jurisdiction is not defeated because the final decree made no express provision for child support; an award for future support could nevertheless be made by appropriate proceedings before the divorce court. (*Krog* v. *Krog,* 32 Cal.2d 812 [198 P.2d 510]; *Harlan* v. *Harlan,* 154 Cal. 341 [98 P. 32].)

The jurisdiction of the court that awarded the custody is exclusive with regard to custody and support. (*Lewis* v. *Lewis,* 174 Cal. 336; *von Beroldingen* v. *von Beroldingen* (1962), 210 Cal.App.2d 1 [26 Cal.Rptr. 202].)

It follows that only the divorce court could have made an order that the mother pay an amount certain for child support after a hearing in which she would have had an opportunity to

be heard. All that can now be said is that the father might have applied to the court for such relief; if he failed to do so and the children were in need they could, by appropriate action in the same procceding, have brought the matter before the court. (*Lewis* v. *Lewis, supra,* 174 Cal. 336, 341 [163 P. 42].)

In *Fox* v. *Industrial Accident Com., supra,* 194 Cal. 173, the court said, at page 181: ''A situation is conceivable in which the husband and wife might be . . . both contributing to the support of the minor children in the manner described above, where by some judicial proceeding and decree, or by a contract between the parties, the mother has made herself legally liable for the support of the minor children . . .''

Neither by agreement nor decree had the mother been obligated to support the children. Had she been legally obligated, that obligation could be discharged only by making payments to the parent having custody whose right and duty it would be to apportion available means among the children and for such necessaries and amenities as he deemed for their best interests. In the case at bench, the evidence shows that of the mother's gifts between 81 and 82 percent went to the two girls; less than 19 percent to the two boys.

But the reasoning that upholds the Commission's award logically permits a holding that any divorced mother of children whose custody has been awarded to their father becomes legally liable for their maintenance within the meaning of section 3501, subdivision (b) merely by making gifts to them which the father considers himself financially unable to make; and thereby incurs an enforceable obligation.

### PARTIAL DEPENDENCY AND ATTORNEY'S FEES

If the award had been annulled, the court of appeal properly would have passed upon the finding of the referee that there was partial dependency. That finding under the law may be sustained. Petitioners dispute the amount of the contribution made by the mother, claiming that her earnings and her own living expenses could not have permitted the claimed contribution, citing as authority *Sada* v. *Industrial Acc. Com.,* 11 Cal.2d 263, 269 [78 P.2d 1127].)

The referee's original award of attorney's fees was increased by the respondent Commission in view of the fact that the referee's award was augmented by the efforts of the attorney. Had the Commission's award been annulled by the court of appeal, that matter also would properly have been subject to review.

POLICY CONSIDERATIONS

The theory is possible that the amount of the insurance premium having taken account of the risk of paying a death benefit, such benefit therefore should be paid whenever there are minor children and no dependent parent. It is for the Legislature to make such a policy rather than for the respondent Commission to do so by the nullification of existing law.

I would annul the award.